## EVARISTE PORCHE v. D. M. LANG et al.

The article 888 of the Code of Practice only applies as between appellee and appellant, and not as between two appellees.

APPEAL from the District Court of the Parish of Terrebonne, *Farrar*, J. *L. Bush*, for plaintiff and appellant. *Belcher, Connelly & Goode*, for defendants.

BUCHANAN, J. Evariste Porche, the plaintiff, sues Duncan W. Lang,

Edward M. Boykin, Urbain Aucoin, William J. Minor, Holden Wright and George F. Connelly, in an action of boundary of their respective lands.

· A surveyor was appointed to make a survey of the land in controversy, and to ascertain the various lines of all the tracts held by the several parties.

Aucoin pleaded prescription of ten, twenty and thirty years; that he and those under whom he claims, have held peaceable, public, and uninterrupted possession of the land claimed by him, according to existing boundaries, being the township line, for more than thirty years.

Connelly pleads that his is the oldest title; that his boundary has been · well ascertained an l fixed; that it is shown by a fence which has existed for over fourteen years; pleads the prescription of ten, twenty, and thirty years to this acti . l.

Plaintiff pleads prescription of ten years to a portion of land of 4.28 acres claimed by defendant Wright; and to another portion of 2.86 acres claimed by defendant Aucoin.

All the parties, with the exception of Aucoin, hold under a common author, James Bowie, the former owner of a large tract of land on Bayou Black, confirmed in the name of Robert Martin. The conveyances from Bowie are three in number, in the following order of date: first, to John D. Smith; secondly, to Isaac Thomas; thirdly, to Thomas Bernard.

Defendant Connelly holds under the oldest of these titles, that of Smith.

Defendants Boykin and Lang hold under the second in date, that of Thomas.

Plaintiff holds under the youngest title, that of Bernard.

The survey made under the order of court includes the whole Robert Martin confirmation; with dividing lines traced between the three several tracts conveyed by Bowie, as above, and the superficial contents of each, as found by the surveyor. This survey also exhibits the lines claimed by the several parties. The Robert Martin confirmation is located on both sides of the Bayou Black, which has a course from east to west; and the titles above enumerated are located in their order running down the bayou, namely, that of Smith (Connelly) uppermost; that of ·Thomas (Boykin and Lang) next descending; and that of Bernard (Porche) lowermost. The controversy between the plaintiff and all the defendants, except Minor, is about the boundary on the south side of Bayou Black. Minor adjoins plaintiff on the north side of the bayou, and within the Isaac Thomas title.

The District Judge, according to article 843 of the Code, (*Lacour* v. *Watson*, 12 Annual, 214) has commenced by giving Connelly his quantity; which, upon the plat of survey, is designated by a dotted red line H I.

Boykin and Lang answer the appeal by claiming that the judgment be amended by giving them as a boundary the full red line F G. But this amendment cannot be allowed. The amendment would be at the expense of Connelly, who is also an appellee. And it is well settled that the article 888 of the Code of Practice only applies as between appellee and appellant, and not as between two appellees.

The District Court next adopts as the lower boundary of Boykin & Lang and of Minor, (Isaac Thomas' title,) and as the upper boundary of the plaintiff Porche, a dotted red line upon the plat of survey designated by the figures 7, 3, 8, 10, 9:—7, 3, 8 being the boundary south of the Bayou

Black, or between plaintiff and Boykin & Lang; and its prolongation 10, 9, being the boundary north of the bayou, or between plaintiff and Minor. The reason given by the Judge for the adoption of this line is, that it is parallel to the line H I, which, as we have seen, is adopted by the court as the upper limit of the Isaac Thomas title; the said title calling for parallel lines, and the Thomas title, as the oldest, being entitled to its full quantity, at the expense of the younger title of the plaintiff and appellant.

Of this, plaintiff complains, because, in the suit of *Dufief et al.* v. *Boykin & Lang*, (a suit instituted by the heirs of the vendors of this land to recover its price,) the said Boykin & Lang pleaded in diminution of the price, that there was a large deficiency in the quantity of the land, as compared with that expressed in the conveyance.

Boykin & Lang held under Fowler, who sold them 1,000 arpents of land by the following description: Twenty-five arpents front on each side of the Bayou Black, by twenty arpents in depth, also on each side of the bayou. They pleaded in defence of the action, "that the depth on the right bank is so limited by the back lines of the original concession, of which the land sold forms a part, that only 236.81 superficial arpents are embraced within the lines on that side of the bayou, which, added to 570.31 arpents, acknowledged to be found on the left side of the bayou, leaves a deficit in the quantity sold of 192.88 arpents, for which deficiency they claim a proportionate diminution of price."

The judgment of this Court maintained this plea, and awarded Boykin & Lang the diminution of price prayed for by them. The Court said (9 Annual, 297): "'The testimony of Taylor, as applied to the plat of survey in the record and marked B, satisfactorily establishes that there is embraced within the calls of Fowler's title, an area of only 807.12 arpents." Now, in the plat of survey of Sulakowski, in the present record, instead of there being found an excess of land over that exhibited by the survey which was the basis of our judgment in the case just quoted, the area is less; for whereas the quantity of land on the right or north bank of the bayou, by Taylor's survey *(Dufief v. Boykin & Lang)*, seems to have been 236.81 superficial arpents within the Isaac Thomas title, it is only 225.96 arpents by Sulakowski's survey. And although Sulakowski gives 813.16 arpents as the quantity in possession of Boykin & Lang on the left or south side of the bayou, yet it is to be observed that this quantity is not found within the calls of the Fowler conveyance, which only extends to a depth of twenty arpents from the bayou, but includes the whole of the Isaac Thomas title on that side of the bayou. On the contrary, Sulakowski has drawn a line (designated by the figures 3, 4,) at right angles to the dotted red lines, given by him as the side limits of the Isaac Thomas title, and at the distance of twenty arpents from the bayou. And this line 3 - 4 includes, with the side lines between itself and the bayou, precisely the quantity of 570.31 arpents, given by Taylor's plat as the quantity found on that side of the bayou. The complaint of appellant on this head is therefore unfounded.

We have been unable to detect any error to the prejudice of appellant in the assignment of the line K W on Sulakowski's plat as the boundary between plaintiff and Aucoin; and of the line O Z as the boundary between plaintiff and Holden Wright. The line K W is part of the west line of township 17, range 17; and the Martin confirmation is bounded on that

side by the township line, according to the official and approved surveys of the Government.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

VOORHIES, J., absent.