This is a suit to fix a boundary between contiguous tracts of land located in Jackson Parish, Louisiana, owned respectively by plaintiff and defendant. Plaintiff's petition alleges that the two estates belonging to plaintiff and defendant are situated in the same 40 acres, are adjacent and contiguous, and that the boundaries have never been established judicially or otherwise; that a dispute existed as to the location of the boundary between the said tracts, and, accordingly, plaintiff prayed the Court to order the making of a survey and for judgment fixing the boundaries.
A surveyor was duly appointed by the Court, and, after trial, there was judgment rejecting plaintiff's demands. A new trial being granted, the district Court finally entered judgment in favor of plaintiff and against the defendant, from which judgment defendant appealed to this Court. Finding that the requirements of the Civil Code with reference to the fixing of boundaries had not been complied with, we remanded the case for further proceedings in conformity with the provisions of law. Opinion rendered December 2, 1943, No. 6678 on the docket of this Court. 16 So.2d 556.
In compliance with the opinion of this Court, the case was retried, the proces verbal of the surveyor appointed by the Court was filed, and the surveyor was sworn and examined as a witness. Judgment was then rendered in favor of plaintiff, fixing a boundary between the respective properties of plaintiff and defendant, from which judgment defendant has again appealed. *Page 694 
The facts developed on trial of the case show that by deed of date November 25, 1916, J.M.L. Allen conveyed to W.H. Pipes a tract of land described as being "Twenty-four acres (24), more or less, off of East side of Northwest 1/4 of Southeast 1/4, East of public road, in Section 14, Tp. 17, R. 2 West." The merchantable pine timber was reserved to the vendor in said deed, but this reservation does not affect the case.
By the same description, the tract was subsequently conveyed on October 18, 1921, by W.H. Pipes to J.H. Frasier, and on November 28, 1923, by J.H. Frasier to C.L. Allen. By deed of date April 5, 1933, C.L. Allen conveyed the property to J.H. Frasier, but the description in said conveyance read:
"24 acres off of East side of NW 1/4 of SE 1/4, Section 14, Tp. 17, N. R. 2 West."
This description was also used in an instrument of conveyance dated November 18, 1936, by which Levy Adkins, the defendant herein, acquired the tract from J.H. Frasier and the heirs of his deceased wife.
On April 3, 1941, the heirs of J.H. Frasier and wife, both deceased, executed a deed purporting to correct the description of the instrument last above referred to, in which the tract was described as:
"Twenty-four (24) acres, more or less, off of East side of NW 1/4 of SE 1/4 and being all of said forty east of Public Road, Section 14, Tp. 17 N., R. 2 West, containing 24 acres, more or less."
On date of September 26, 1936, and in several instruments subsequent to said date, Garland Sharpless, son of plaintiff, purchased from a number of the heirs of James M.L. and Mrs. Annie Allen, both deceased, their respective interests in and to a tract of land described in said instrument as being:
"The West 16 acres of the NW 1/4 of SE 1/4 in Section 14, Tp. 17 N., R. 2 West," together with other tracts not involved in this suit.
By conveyances dated October 19, 1939, and December 13, 1940, this plaintiff, Mrs. Annie Sharpless, acquired from her son and other parties, who were heirs of her deceased father and mother, the tract of land described as:
"The West 16 acres of the NW 1/4 of SE 1/4 of Section 14, Tp. 17 N., R. 2 West."
Plaintiff filed this suit in July, 1941, and in paragraph 4 of her petition made the following allegation, which we deem pertinent to an understanding of the issues involved:
"4. That your petitioner further shows and avers that the said two estates, situated in the same forty acres are adjacent and contiguous; that the said boundaries have never been established judicially or otherwise; that from the time the 24 acres was sold off of the said forty acres, which was formerly owned by the same vendor and through which both parties claim title, the said road has been altered and changed, one change being made some several years after the 24 acres was sold; that the present road was constructed several years after the said deed; that the owners are in a dispute as to the boundary between the two estates, your petitioner contending the same extends to an old road and the defendant contending that the same extends to the new road, or the one that was constructed some several years after the 24 acres were and conveyed by the original owner; that they are in a dispute with reference to the same and are unable to agree."
The proces verbal of the surveyor appointed by the district Court recites that he was unable to fix the boundary between the respective tracts of plaintiff and defendant by reference to the title papers, and, accordingly, he set up three different conclusions that might be reached from reference to the deeds, leaving to the Court the actual determination of the boundary. Briefly stated, the three boundaries, as marked by the surveyor, were:
1. A straight line running due North and South across the 40 acre tract of land, dividing a tract of 24 acres on the East from a tract of 16 acres on the West.
2. A boundary running along the East side of what is known and referred to as the "old road", dividing the 40 acre tract into two parcels of 25.6 acres on the East and 12.9 acres on the West of said road, and
3. A boundary running along the East side of what is known and referred to as, the "new road", dividing the 40 acre tract into two parcels of 29 acres on the East and 8.5 acres on the West.
The discrepancies in quantity are accounted for in the detailed description of the boundaries given by the surveyor, there being a total of 2.5 acres of land taken up, by the roadway. *Page 695 
The learned Judge of the district Court adopted the second alternative advanced by the surveyor, and, in judgment, fixed the same as the boundary between the tracts of plaintiff and defendant.
In connection with the report embodied in the proces verbal of the surveyor he filed a plat, to which it is necessary to make reference in this opinion. This plat shows a road running from approximately the southeast corner of the 40-acre tract, in a direction west by a little north, almost to the west line of the 40 acres, thence turning north for about 500 feet, and thence bearing northeast 220 feet, and thence approximately due north to the north line of the 40-acre tract. At a point on the road some 850 feet from the southeast corner of the 40-acre tract, there is shown another road forking north and connecting with the road at the point where the first described road turns north from its easterly course. This second road, known and referred to as the "old road", is simply a short cut which would eliminate the curved route of the "new road" farther to the east and make a more direct north and south connection.
[1] Between the "old road" cutoff and the curved route of the "new road", there is a tract of 3.4 acres, and it is this tract that is unquestionably the crux of the dispute. It is true that plaintiff's counsel makes the effort in brief to explain that plaintiff in her petition did not intend to assert solely a claim to the 3.4 acre tract between the roads, but, indeed, went beyond this disputed sector and claimed such acreage as would make up to her 16 acres on the west side of the 40-acre tract, leaving the 24 acres on the east side to defendant. We do not think this position of counsel is tenable, in view of the specific allegation in paragraph 4 of plaintiff's petition, above quoted, which not only recites in so many words that petitioner claims the boundary to extend to the "old road" and that defendant contends that it should be fixed on the "new road", but, further, emphasizes this contention by alleging that the "said road has been altered and changed", which allegation must obviously be regarded as an attempt to eliminate the possible application of Article 828 of the Civil Code, to which reference will later be made in detail. It is evident that the district Judge was also of the opinion that plaintiff's claim to a boundary dividing the 40 acres into tracts of 24 and 16 acres respectively was not established.
For this reason, and further in consideration of the overwhelming mass of evidence in the record that eliminates any reasonable application of a boundary on the apportionment of exact acreage, we shall not refer to this phase, but will confine ourselves to a discussion of the remaining possibilities which would fix the boundaries either in accordance with the course of the "old road" or of the "new road".
Plaintiff has attempted to prove that the reference "east of public road", appearing in the deed from her father, J.M.L. Allen to W.H. Pipes, November 25, 1916, was intended to designate the "old road", and, in support of this position, introduced the testimony of herself and five other witnesses, disinterested parties. The effort was made, through the testimony of these witnesses, to establish the fact that the "new road" was not regarded as the public road at the time of the deed from Allen to Pipes, and that the 3.4 acre tract lying between the old and new roads had been cultivated and used by J.M.L. Allen and his successors in title at various times since the conveyance to Pipes. The testimony of these witnesses on both of these points was rather vague and uncertain.
On the other hand, the testimony of defendant and some 15 witnesses is, for the most part, definite and convincing. Allowances, of course, must and have been made for the usual conflict in testimony which might be expected in a matter of this kind, and a close study of the record convinces us that all of the witnesses in the case attempted to relate the facts to which they testified with complete fairness, impartiality and accuracy. The discrepancies in the testimony of the several witnesses are only such as might be expected with reference to error and faults of memory which are inflicted by the inexorable sweep of time. Some 25 years elapsed between the date of the conveyance from Allen to Pipes and the trial of this case, and there is no evidence of any serious dispute or difference during this period until about two years prior to the filing of this suit.
From a careful and painstaking examination of the record, we find established as facts certain points which are essential to a determination of this cause, namely, that the new road not only was in existence, but was the main-traveled road for some *Page 696 
time before the year 1916, in which year the conveyance from Allen to Pipes was made, the old road being a cutoff that was impassable in bad weather; that shortly after his acquisition of the property in 1916, Pipes built his residence located east of the road and west of the northeast line shown by the surveyor on his plat as dividing the East 24 acres from the West 16 acres; that about the time of the building of his home, Pipes actually fenced off both ends of the old road and effectively eliminated the same as an artery of travel, and built a fence along the east side of the new road; that about the following year J.M.L. Allen built a home on the west side of the new road; that although the tract of 3.4 acres has to some extent and at some times been used by plaintiff, this use has obviously been only of that character which might be expected to be permitted one good neighbor by another, and has not been either of such character or tenure in point of time or consistency as would indicate an intentional assertion of ownership by the plaintiff and an acquiescence therein by defendant.
These facts have been established by an overwhelming preponderance of the evidence as to actual facts and as to surrounding circumstances corroborative in the highest degree of these conclusions.
[2] It is well established with reference to determination of boundaries that the intention of the party or parties is the paramount consideration. This rule is clearly set forth in the opinion of Justice Fournet in the case of Dufrene v. Bernstein,190 La. 66, 181 So. 859, 860, from which we quote as follows:
"Where parties derive their title from a common author, the one whose title is most ancient in date, under the express provisions of Article 847 of the Revised Civil Code, will prevail and is entitled to the full acreage conveyed to him. Keller v. Shelmire, 42 La. Ann. 323, 7 So. 587; Porche v. Lang, 16 La. Ann. 312; Lilleburg v. Coleman, 1 La. App. 650. In determining boundary lines the law recognizes certain well known guides which are in the order of their importance (1) natural monuments; (2) artificial monuments; (3) distances; (4) courses; and (5) quantity. 'But the controlling consideration is the intention of the party or parties.' Meyer v. Comegys,147 La. 851, 86 So. 307, 309; Administrators of Tulane Educational Fund v. Stair, 148 La. 11, 86 So. 595, 596."
In deciding the instant case, we are confronted with the necessity of placing a construction upon the description embraced in the conveyance of November 25, 1916, from J.M.L. Allen to W.H. Pipes. This construction must, if possible, be determined by a recognition of the intention of the parties. There are three possible constructions, which fact was recognized by the surveyor, who enumerated three distinct boundaries in the report comprehended in his proces verbal. The parties must have intended either:
1. To convey the East 24 acres of the 40-acre tract; or
2. To convey 24 acres, more or less, East of the old road; or
3. To convey 24 acres, more or less, East of the new road.
[3] The first construction is easily eliminated from consideration, since there would have been no need for the use of the qualification "more or less", nor the detail "East of the public road" if the intention had been to convey the East 24 acres of the designated 40-acre tract.
[4] It is true that one interpretation of the descriptive clause admits of the possibility that the parties intended to fix the "old road" as the boundary. Conceding for the purpose of argument that this was the intention, then, why did the vendee shortly after the conveyance fence off the "old road"; why did the vendee build a fence along the east line of the "new road", which fence, by the way, or the remains of which, has endured throughout the entire period; and why were these acts on the part of the vendee countenanced by the vendor? These actions cannot be considered as being consistent with an intention of the parties which would have fixed the old road as a boundary.
There is left, then, only one interpretation, that the descriptive reference "East of public road" referred to the "new road". In our opinion the facts established can only be considered consistent with an intention of the parties to fix the new road as the boundary. We are convinced that J.M.L. Allen intended to convey and did convey to W.H. Pipes by the instrument of November 25th, 1916, that tract of land, lying east of the "new road", and that the *Page 697 
effect of the conveyance was to establish the "new road" as the boundary between the tract conveyed and the portion of the 40 acres retained in ownership by the vendor.
It should be borne in mind that there is no conveyance of record which would reflect any doubt upon this construction. J.M.L. Allen made no conveyance of any part of the 40-acre tract in question during his lifetime, save and except the conveyance to Pipes. There is testimony in the record which establishes the date of the death of J.M.L. Allen as occurring during the year 1931. It was not until 1939 that dispositions of undivided interests of the heirs of J.M.L. Allen and his wife were made with reference to any tract of land in the 40 acres involved, and, while it is true that these conveyances uniformly described the "West 16 acres of the NW 1/4 of SE 1/4", such description can have no substantial bearing upon the question of boundary, since there is no connection which would evidence any intention of the common ancestor in title at variance with the conclusion we have reached.
[5] We feel that the first judgment rendered by the district Judge rejecting the demands of the plaintiff was correct, in view of the provisions of Article 828 of the Civil Code, which reads as follows:
"When two estates are separated by a public road or by a water course, which serves as a common limit, the action of boundary can not be sustained in relation to them, unless the road or water course has experienced some change in its situation."
As we have heretofore stated in this opinion, the possible application of this article unquestionably was evaluated by plaintiff's counsel, inasmuch as Article 4 of plaintiff's petition, above quoted in full, contained the allegation "the said road has been altered and changed, one change being made some several years after the 24 acres was sold; that the present road was constructed several years after the said deed".
If these allegations had been sustained, they would have had the effect of eliminating the application of Article 828 of the Civil Code, but plaintiff completely failed in establishing any one of these assertions. There has been no alteration nor change in route of the "new road", and it was conclusively established that the "new road" was not constructed several years after the execution of the deed of 1916, but was in existence and use for some time prior to said date. These being the facts, there can remain no question but that plaintiff's action of boundary cannot be sustained in any particular which would have the effect of changing the line between the two estates which we hold to have been fixed by the intent of the parties as the "new road".
In the case of Leonard v. Forbing, 109 La. 220, 33 So. 203, plaintiff alleged that a water course designated as a boundary line in the year 1851 was a different stream from the one existent at the time he brought his suit, and the Court held that the burden was upon him to make his contention certain by adequate proof, failing which his position could not be sustained.
[6] There is one other point raised by appellant which requires our attention. Appellant contends that the provisions of Article 833 of the Civil Code requiring the fixing of limits by a sworn surveyor of this State has not been fulfilled, and points to the fact that no oath was taken by the surveyor, nor was he sworn prior to the actual making of the survey and the return of his proces verbal. Notwithstanding the fact that this is true, it is also true that the surveyor was sworn as a witness and was examined in Court touching his findings as reflected in his proces verbal. This is certainly substantial compliance with the requirement of the codal article. To remand this case again upon a point of such academic technicality would be vain, unnecessary and entirely at variance with the spirit, intent and purpose of the rules fixed in the article referred to.
[7] As to the discrepancy in acreage, it is emphatically argued on behalf of plaintiff that the fixing of any boundary other than a due north and south line cutting the 40 acres into two contiguous tracts of 24 and 16 acres respectively, would result in an unfair distribution of acreage by which defendant would gain and plaintiff lose progressively as to whether the old or the new roads were fixed as boundaries. The basis of this contention is found in the use of the words "24 acres, more or less", in the conveyance from Allen to Pipes. This contention is effectively disposed of by the provisions of Article 854 of the Civil Code, which reads as follows:
"If any one sells or alienates a piece of land, from one fixed boundary to another *Page 698 
fixed boundary, the purchaser takes all the land between such bounds, although it give him a greater quantity of land than is called for in his title, and though the surplus exceed the twentieth part of the quantity mentioned in his title."
[8] In this matter we have given particular consideration to the apportionment of costs. While we have reached the conclusion that plaintiff has failed to establish her case, it nonetheless must be conceded that this litigation has been brought about by a lack of certainty in the description of a conveyance of land. There has been a bona fide dispute and a judicial determination of boundary has been the only possible means for final settlement of the dispute. In view of these facts, we feel that the provisions of Article 663 of the Civil Code, providing that limits are to be established and boundaries fixed at the joint expense of the proprietors of contiguous tracts, should be applied, and, for this reason, in complete fairness to both parties, our decree will provide for a division of costs between plaintiff and defendant. However, attention is called to the fact that this division is not to be applied to the costs of the appeals in this case. In our judgment on the first appeal, we declared that assessment of costs should await a final determination. Since the defendant has prevailed on both appeals to this Court, it is, of course, proper that plaintiff should bear the costs of such appeals.
Accordingly, the judgment appealed from is reversed and set aside, and it is now ordered, adjudged and decreed that the boundary between the two estates of the plaintiff, Mrs. Annie (A. R.) Sharpless, and the defendant, James Levy Adkins, be, and it is hereby fixed and established as follows, to-wit:
"Beginning at the point on the north boundary line of the NW 1/4 of SE 1/4, Section 14, Twp. 17 N., R. 2 West, marked with an iron pipe, 968 feet from the east line of the said forty and 352 feet from the west boundary of the said forty, thence run west 17 feet to the center of the road, thence continue south 5 degrees west 398 feet, thence southwest with the said road a distance of approximately 720 feet, the north portion being 70 feet from the west boundary line and the south portion being 150 feet from the west boundary line, and 250 feet from the south boundary line, thence southeast 85 degrees a distance of 1150 feet to where the said road crosses the south boundary line 20 feet from the southeast corner, the dividing line to be in the center of the road when closed and when it remains open to be on the respective side of the said road."
The costs of this proceeding are to be borne jointly by plaintiff and defendant, save and except the costs of both appeals, which are assessed against the plaintiff.