72 So.2d 549 (1954)
HESTER et al.
v.
SMITH et al.
No. 8108.
Court of Appeal of Louisiana, Second Circuit.
April 22, 1954.
*550 Fred W. Jones, Jr., Ruston, for appellants.
Armand F. Rabun, Farmerville, for appellees.
HARDY, Judge.
This is an action in boundary instituted by the plaintiffs as the heirs of Walter S. Hester, deceased, owners of property described as being SE¼ of Section 2, Township 19 North, Range 1 West, Lincoln Parish, Louisiana. Defendants are the surviving widow and heirs of W. P. Smith, deceased, owners of the SW¼ of the said section. A surveyor, U. S. Roane, a licensed Civil Engineer, was appointed by the court, and his proces verbal and plat of survey were duly filed. The plat fixes and establishes the quarter section line of Section 2, which is concededly the correct boundary between the estates in accordance with the description called for by the respective titles. No question of title is here involved.
Defendants opposed the survey primarily upon the ground that the boundaries had been fixed, and that visible evidence thereof existed. After trial there was judgment in favor of plaintiffs approving and homologating the proces verbal of the court appointed surveyor and fixing the boundary line in accordance therewith. From this judgment defendants have appealed.
The defense, like "Omnia Gallia", is divided into three parts: First, a denial of the need for a judicial survey on the ground that the boundary had been long established as the result of mutual consent; second, the plea of thirty years prescription, acquirendi causa, under Article 852 of the LSA-Civil Code, and; third, a plea of prescription of ten years, under the provisions of Article 853 of the LSA-Civil Code. It appears from brief of counsel for defendants before this court that the plea of thirty years prescription is now urged as the principal defense, the other grounds having been abandoned or, for practical purposes, so subordinated as to constitute an abandonment. In any event, the facts necessary to maintain any or all of the defenses urged are identical.
The factual issues upon which defendants rely are the construction, in or about the year 1902, of a boundary fence separating the two estates; the existence of this fence in a state of repair for a long period of years; the continued existence of evidence of the fence up to the time of trial of this suit, and adverse possession up to the same fence from the time of its construction to date of trial. Using these factual requirements as a basis, it is urged before this court that they have been established by a preponderance of the evidence, which conclusion, of course, is stoutly denied by counsel for plaintiffs.
Upon trial plaintiffs rested their case upon the testimony of the court appointed surveyor, Mr. Roane. The plat and the proces verbal of the survey were introduced in evidence. In this connection it suffices to say that there is no contention, nor is there ground for contention as far as this record is concerned, with reference to the accuracy and correctness of the Roane Survey which fixes the boundary line between the respective estates of plaintiffs and defendants. It is obvious that the boundary, as fixed by descriptions of the *551 two tracts, is the quarter section line marking the division between the SW¼ and the SE¼ of Section 2. The practical effect of defendants' claims is that the fence line, which they contend to be the agreed boundary, is located well to the east of the quarter section line. The strip of land between the ideal boundary and the so-called fence line varies in width from point to point and comprises a total of approximately eight acres in area. This acreage, if defendants are correct in their position, would represent a diminution in the area of the Hester tract and a corresponding increase in area of the Smith tract.
Defendants undertook to discharge the burden of proof in support of their claim, by the testimony of a number of witnesses, who had varying reasons as well as opportunity for personal knowledge of the property. Among the witnesses were Mrs. Effie Smith, widow of W. P. Smith, other members of the family, employees who had lived on the place, etc. After careful study of the testimony of these witnesses we are convinced that a fence was built in or about the year 1902, which fence was located east of the quarter section line as established by the Roane Survey. However, this fence never did extend the entire distance of the quarter section from north to south. We further conclude from the preponderance of the evidence that the fence was built jointly by Walter S. Hester and W. P. Smith, the immediate ancestors of plaintiffs and defendants respectively. It is further established to our complete satisfaction that the 1902 fence is not now, nor has it been, in existence for a period of a considerable number of years. We further find that there are present along or near the supposed course of the 1902 fence some vestiges and remains of a fence. These, we believe, are the only material facts which were established by defendants' witnesses.
In rebuttal plaintiff tendered the testimony of a number of witnesses who were also qualified by familiarity with the property over long periods of years. By these witnesses it was established that Walter S. Hester caused a fence to be built in 1934, which fence is still in existence. The line of this fence is near to but still farther east of the purported line of the 1902 fence. Plaintiffs' witnesses in this connection testified that the 1934 fence was built particularly to serve as an enclosure for a hog pasture and had no relation whatsoever to any boundary as between the two estates, and was located in such a line as would avoid the meanderings of Cypress Creek, a stream running through the property. These witnesses also testified to the existence of other fences near the asserted 1902 fence line, and it is concluded from the effect of this testimony that there is considerable reason for confusion in the location of the lines of these several fences.
The testimony in the record is not so much significant by reason of the facts established as for the failure to establish the one essential, namely that the 1902 fence was agreed upon, accepted as and intended to represent the boundary between the Hester and Smith estates. Careful and repeated examination of the testimony which may be regarded as bearing upon this point only serves to emphasize this failure. It is quite true that a number of the witnesses consistently referred to the 1902 fence as the boundary; that the widow of W. P. Smith who had lived on the Smith property from 1893 to 1943, a period of fifty years, testified that Smith and Hester built a wire fence about or between 1900 and 1902 between their properties, but we find not the slightest direct and positive evidence that this 1902 fence was intended by Walter S. Hester and W. P. Smith to mark the boundary between their estates. There is some testimony that the immediate purpose of the fence was to keep the cattle separated, but we are not concerned with the assignment of any definite reason nor the finding of any exact purpose, other than the intention of marking a boundary.
In the determination of boundaries we think the intention of the parties is an essential requirement. This principle appears to be well established; Sharpless v. Adkins, La.App., 22 So.2d 692, certiorari denied; Dufrene v. Bernstein, 190 La. 66, 181 So. 859, and cases cited therein.
*552 We must therefore conclude that the first ground for the defense has failed. Irrespective of the existence of evidences of remains and vestiges of an old fence, even conceding that these are evidences of the 1902 fence, in the absence of an agreement or understanding evidencing the intent of the parties to accept this line as a boundary, the contention must fail.
Proceeding to a discussion of the plea of prescription under the provisions of Article 852 of the LSA-Civil Code, we are again moved to the conclusion that defendants have failed to establish that character and nature of possession which are implicit requirements for application of the prescriptive right. The testimony on this point is completely lacking in that certainty which is essential. It appears that at times a part of the Smith tract up to a fence line east of the ideal boundary was cultivated; that at times a part was used as pasturage, but there is no real and definite evidence that there was any consistently maintained adverse possession. Rather we think the possession exercised was of that nature which is best designated as a possession for use or occupancy. The clearest and most direct statement of this principle is found in Williams v. Bernstein, 51 La.Ann. 115, 25 So. 411, 415:
"The mere fact that parties owning adjoining property have cultivated lands up to a certain line, or up to a certain fence, built either by one or both, or built by one and repaired by the other, does not per se evidence an adverse possession up to the line or fence, or an acquiesence in or recognition of an adverse ownership. Neighbors constantly run up fences within or beyond the boundary lines, and join their fences; doing so with the knowledge and understanding that such acts are merely temporary, and done subsidiarily to, and with reference to, the right of both to ultimately ascertain and fix rights by an action of boundary, or through a formal, legal survey. Until this happens, the lands held by each are in the occupancy, and not in the adverse possession, of either,certainly so in the absence of a clear and direct claim advanced of adverse ownership and possession."
It follows that the right to the benefit of Article 852 is not justified by established facts.
The plea of prescription under LSA-Civil Code Article 853 is not entitled to consideration in view of the fact that a prerequisite to the benefit of such provision is the fixing of boundaries by a surveyor, which element was not present in the instant case.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.