On Rehearing
GLADNEY, Judge.
A rehearing was granted in this case solely for the purpose of giving reconsideration to the taxation of costs which in our original opinion were assessed against appellant.
Counsel has earnestly argued the failure of the parties herein to agree to an amicable determination of the boundary between their respective properties should not be considered the arbitrary action of either side and insist the record shows that when the instant suit was filed the defendant came into court and agreed at once a boundary line survey should be established by judicial decree; and that the defendant did not oppose, but, in fact, did join in the homolo-gation of the survey by A. J. Brouillette, who had located the boundary line under orders of the court. It is further pointed out the defendant had contended a private survey which it had caused to be made by R. V. Leone, surveyor, was correct, but plaintiffs refused to consider the survey, and after the Brouillette survey was completed it was found the two surveys had established the boundary in exactly the same place.
Under the provisions of LSA-C.C. Art. 663, one may compel his neighbors to fix and mark the limits of their estates which are contiguous to his, and when the limits have been so established and the boundary stones or posts placed, it is at their joint expense. Therefore, when circumstances prevail that are in accord with Article 663 the expenses of a judicial survey should be borne equally. As stated in our opinion, however, it has been held by the courts that where the contiguous owner of land has declined to settle the issue of boundary amicably, and has forced a resort to litigation, the provisions of the Codal article are not applicable and the contiguous owner may be required to pay the cost of the survey. In our original decree we were of the opinion the defendant had refused to participate in a joint survey upon request of plaintiffs, and, accordingly, we assessed the defendant with the entire cost.
With suggestion of error our attention is directed to the ruling of this court in Kelley v. Carter, La.App. 1957, 98 So.2d 679, 683. In the cited case the defendant Carter was agreeable to fixing the boundaries, but not at the location contended by plaintiff. Carter finally stretched a single strand of wire along what he contended was a correct boundary line and suggested that plaintiff build his fence accordingly. With these facts in mind, the author of the decision gave the following reasons for dividing the costs:
“Plaintiff, not being satisfied with the line, resorted to this action. There is, therefore, no showing that defendant arbitrarily or capriciously refused to enter into negotiations with the plaintiff before the filing of this suit. As we view the matter, defendant was in good faith and we seriously doubt whether the parties could have reached an amicable agreement as to the fixing of the boundary. Where there is a bona fide boundary dispute and a judicial determination of the boundary is the only possible means for a final settlement of the dispute, cost of the proceedings should be borne equally by the parties. Sharpless v. Adkins, La.App., 22 So.2d 692, 698; Lucas v. Asset Realization Co., Inc., La.App., 51 So.2d 652, 658.”
Upon our further consideration we agree the reasoning in Kelley v. Carter should prevail herein and that accordingly the costs should be borne equally between the parties to the survey.
Our former decree should be and is hereby reinstated and made the judgment of the *114 court, subject only to amendment and correction as to the taxation of the costs, which should be borne jointly by plaintiffs and the defendant, save and except costs of appeal, which are assessed against the defendant. Our original judgment is reinstated except as amended, and as so amended, the judgment from which appealed is affirmed.