BOLIN, Judge.
Plaintiffs and defendants are owners of contiguous property in Union Parish. Plaintiffs having alleged that no boundary had been established dividing the two estates, instituted the present action in order to have such boundary judicially fixed. Pursuant to petitioners’ prayer, the court appointed an engineer and licensed survey- or to make a survey of the property; to establish an ideal boundary between the estates, and render his report to the court. The surveyor having performed such duties and rendered his proces verbal, defendants filed their answer to plaintiffs’ petition wherein they admitted the boundary thus established represented the correct ideal boundary according to official governmental monuments, but averred the actual boundary had been established between the two estates by the erection of a fence by defendants and their authors in title; that such fence had been erected and maintained in excess of thirty years; and that defendants had thereby acquired the excess property between the ideal boundary line and the fence by the acquisitive prescription of thirty years, which plea was specially urged in the answer. The lower court overruled the plea of prescription and rendered judgment in favor of plaintiffs thereby fixing the boundary in accordance with the court appointed surveyor’s findings and defendants have appealed.
*46 The property owned by plaintiffs, to the extent that it is involved in this suit is described as:
East Half of Southeast Quarter of the Southeast Quarter of Section 7, and the Southwest Quarter of the Southwest Quarter of Section 8, all in Township 23 North, Range 3 West, Union Parish, Louisiana.
The description of defendants’ property in so far as this action is concerned is:
East Half of Northeast Quarter of the Southeast Quarter of Section 7, and the Northwest Quarter of the Southwest Quarter of Section 8, Township 23 North, Range 3 West, Union Parish, Louisiana.
After a trial in the district court, which consumed several days during which the testimony of numerous witnesses was heard, the lower court rendered judgment for plaintiffs establishing the ideal boundary between the two properties in conformity with the legal descriptions and the recommendation of the court appointed surveyor which had the effect of overruling defendants’ plea of prescription of thirty years ac-quirendi causa. A portion of the trial was conducted in June, 1961, but same was not completed until October of the same year. At the conclusion of the oral arguments on November 6, 1961, the trial judge dictated his reasons for judgment to the official court reporter and same were made a part of the record. From our review of the record, we note he assigned several reasons for his judgment which may be generally stated as follows:
1.He concluded a fence had been erected in 1947 or 1948 at the location contended by defendants which traversed the entire property and effectively separated the properties as of that date; that the fence in question was of a meandering type and included approximately 4.9 acres of plaintiffs’ land beyond the ideal boundary as established by the court appointed surveyor.
2. He further concluded that various other fences had been placed on the property by the defendants and their authors in title prior to 1947 and perhaps as far back as 1902, but that such fences did not traverse the entire property; that they had not been maintained continuously and without interruption for a period of time in excess of thirty years; but had been placed on the property at various times in order to enclose specific parcels of land for the use in cultivating patches, fencing of hogs, etc.; that under these circumstances, he was not convinced defendants had established the prerequisites of a thirty year acquisitive prescriptive title.
3. That even if defendants had maintained such fence across the entire properties for a period of thirty years, such would not be sufficient to establish a boundary unless such fence was established with the mutual understanding of all parties concerned that such fence would thereafter be the boundary between the two estates. As authority for this conclusion, the trial judge cited Hester v. Smith (La.App. 2 Cir., 1954) 72 So.2d 549.
From the above conclusions expressed by the district judge, defendants have set forth in their brief eight specifications of error which, however, may be classified into two broad areas:
1. It is complained that the lower court erred as a matter of law in relying on the case of Hester v. Smith, supra, in that same has been effectively overruled by the Supreme Court in the case of Sessum v. Hemperley, 233 La. 444, 96 So.2d 832 (1957).
2. Defendants further specify our brother below committed manifest and serious error in reaching his factual conclusion that the evidence did not support their plea of prescription of thirty years acquirendi causa.
We will devote our attention to the two general specifications of erro'r in the order set forth above. Unfortunately our esteemed brother below did rely on the *47 opinion rendered by this court in the case of Hester v. Smith, supra, which was for all practical purposes overruled by the Supreme Court in the case of Sessum v. Hemperley, supra, which contains the following language and reflects the present jurisprudence :
“Clearly, the now well-established rule, as a result of our codal provisions and the cited authorities, is that where there is a visible boundary which has been in existence for thirty years or more and the defendant in a boundary action and his predecessors in title have, in addition to the land described in the title, actually possessed land extending to that visible boundary, a plea of prescription of thirty years should be sustained. It is our view that for the rule to be applicable two conditions must concur: First, there must be a visible boundary, artificial or otherwise; second, there must be actual uninterrupted possession, either in person or through ancestors in title, for thirty years or more of the land extending beyond, that described in the title and embraced within the visible bounds. The lack or failure of consent on the part of the adjacent owner cannot affect the rights that accrue by operation of law to the possessor under the thirty-year prescriptive plea.”
However, our review of the record convinces us the lower court’s erroneous statement of the law as outlined in the case of Hester v. Smith, supra, was not controlling in its ultimate judgment which was based on the conclusion that the testimony did not support a factual finding of continuous and uninterrupted maintenance of the alleged boundary fence for a period in excess of thirty years. In this connection, we find the following in the trial judge’s reasons for judgment:
“We come to consider the evidence first, of the existence of a fence continuously for thirty years and a fair consideration, I think, of the evidence would fail to convince anybody who had listened at it that a fence had been continuously maintained in the exact place for thirty years or more.”
We, therefore, conclude the district judge’s reference to the law as enunciated in the case of Hester v. Smith, supra, was sur-plusage to his final opinion and, therefore, did not constitute reversible error on his part.
Therefore, the only real issue involved in this case is whether these defendants have met the burden of proof placed upon them under their special plea of prescription of showing by a preponderance of the evidence that a fence had been erected by their authors in title and had been maintained continuously and without interruption for a period in excess of thirty years between the two estates herein so as to acquire the excess property by the prescription of thirty years acquirendi causa under LSA-C.C. art. 852. There is no dispute as to the law which has been correctly set forth in the case of Sessum v. Hemperley, supra, and we see no necessity of burdening this record with a restatement of the well-established principles set forth therein.
As to whether the court below committed manifest error in concluding defendants had not established their plea of prescription, we are fully cognizant of the duty placed upon this court by our Constitution to review the facts as well as the law, but we also know the jurisprudence admonishes us not to reverse the factual findings of the lower court unless such conclusions are manifestly erroneous. We, therefore, assure the defendants that we have made an exhaustive and detailed review of this voluminous record, and after such review, we have concluded the esteemed trial judge correctly outlined the evidence and gave the proper consideration to the testimony of all witnesses, and we can find no error, manifest or otherwise, in his factual conclusions. While we do not mean to belittle the importance of this litigation, we do not deem it appropriate or necessary to outline *48 or comment on the evidence of the many witnesses who testified during the trial. As previously stated, the controlling issue as we see it, is purely factual, and this issue having been correctly decided by the trial court, the judgment appealed from is affirmed at appellants’ cost.
Affirmed.