*449 PONDER, Justice.
Plaintiff brought an action in boundary-under Article 823 of the LSA-Civil Code alleging that the boundary line between his property and that of the defendants had never been fixed and prayed for a survey- or to be appointed by the Court to fix the boundary line. It was alleged by the plaintiff that the defendants refused to amicably settle the question thus making the action necessary. Defendant filed pleas of 10 and 30 years prescription under Article 852 and 853 or the LSA-Civil Code alleging that a fence was erected in 1904 and recognized by the parties to be the boundary, thus claiming beyond their title and in diminution of plaintiff’s title. The trial judge rejected the defendants’ pleas of prescription and on appeal to the Court of Appeal, Second Circuit, defendants obtained a reversal of this judgment. A rehearing was granted by the court of appeal and the judgment was reversed and judgment entered for the plaintiff. On application of defendants, this Court granted writs of review and the matter is now submitted for our determination.
Relators-defendants allege that the court of appeal erred in overruling their pleas of prescription; in holding that consent to the fence as a boundary could not be inferred from the circumstances; and in failing to recognize that active consent to a visible boundary may form the basis of 10 years prescription.
The plaintiff’s land lies in the SW/4 of the SE/4 of Section 14, township 22N, R. 15W and the defendants land lies in the SE/4 of the SW/4 of Section 14, township 22N, R. 15W. It is the contention of the defendants that their properties have been separated from that of plaintiff by a fence which has been in continuous existence since 1904 and that hence their pleas of 10 and 30 years prescription under Articles 852 and 853 of the LSA-Civil Code should be sustained.
Plaintiff contends that courts have consistently held that the intention of the parties is an essential requirement in construing 30 year boundary prescription under Article 852 of the LSA-Civil Code. Hester v. Smith, La.App., 72 So.2d 549; Arabie v. Terrebonne, La.App., 69 So.2d 516; Jones v. Dyer, La.App., 71 So.2d 648; Williams v. Bernstein, 51 La.Ann. 115, 25 So. 411; Simmons v. Miller, La.App. 170 So. 521. Plaintiff alleges that the defendants carry the burden of proving the necessary facts (Sattler v. Pellichino, La.App., 71 So. 2d 689; Hester v. Smith, La.App., 72 So.2d 549), and that the defendants have failed to carry this burden as held by both the lower court and the court of appeal.
Relators (defendants) contend that acquiescence in a visible boundary, without an express agreement or understanding, may form the basis of 30 year prescription. Citing Article 852 of the LSA-Civil Code; Opdenwyer v. Brown, 155 La. 617, 99 So. *451 482; Wait v. Pearson, La.App., 88 So.2d 43; Crow v. Braley, La.App., 47 So.2d 357; Blanchard v. Monrose, 12 La.App. 503, 125 So. 891; DeBakey v. Prater, La.App., 147 So. 734; Cutrer v. Dyson, 11 La.App. 472, 123 So. 904; Jones v. Dyer, La.App., 71 So.2d 648. Relators contend that active consent to a visible boundary may form the basis of 10 year prescription. Article 853 of the LSA-Civil Code; Blanchard v. Monrose, 12 La.App. 503, 125 So. 891; Picou v. Curole, La.App., 44 So.2d 354; Opdenwyer v. Brown, 155 La. 617, 99 So. 482; Kobler v. Koch, La.App., 6 So.2d 55.
It must first be established if the two tracts have been separated by a visible boundary for thirty years or more. The evidence adduced at the trial is lengthy and very conflicting on this point. There is no doubt that following his purchase of the property (in 1903) James M. Hawkins early in 1904 erected a fence between his land and the property of his brother-in-law Jacob R. Hale. Since that time the property has been acquired by sale and partition by various members of the family and in-laws. The real dispute is whether the fence was erected with the consent of Hawkins and Hale to erect it as a boundary dividing their two tracts and whether these tracts have been divided by this visible boundary for thirty years or more. On these points the testimony is very contradictory, it being the position of the plaintiffs that there was no consent to the erection of the fence and that the fence did not exist for the whole 900 feet for thirty years, while the defendants claim that Hawkins caused a survey to be made by another member of the Hale family (not in accordance with law) and the fence was erected as a result thereof and has been in existence and maintained for thirty years or more.
After an exhaustive and careful reading of the testimony, we have concluded as did the trial judge that from the public road, the south line of plaintiff’s tract, there has been no fence for 50 or 60 feet north, probably since 1925 when A. H. Stanberry, Jr., acquired it. Although there is some evidence that the fence existed the full length of the properties for the required length of time, we are not convinced that the burden of proving this fact has been met with the certainty required by law and hence we must conclude that the plea of thirty year prescription was properly overruled. See Broussard v. Winn, La.App., 41 So.2d 486.
There remains for consideration the plea of ten year prescription under Article 853 of the LSA-Civil Code relied upon by the defendants. In support of their position they cite and rely upon Article 853 of the LSA-Civil Code; Blanchard v. Monrose, 12 La.App. 503, 125 So. 891; Picou v. Curole, La.App., 44 So.2d 354; Opdenwyer v. Brown, 155 La. 617, 99 So. 482; and Kobler v. Koch, La.App., 6 So.2d 55.
*453 It is contended by defendants-relators that there has been active consent to the visible boundary for more than 10 years.
While relators contend that a survey was made by Jim Hale (brother of Jacob R. Hale) and concede that it was not a legal survey as contemplated by the articles of the code, they urge that this evidences consent to the marking of the boundary. A consideration of all of the testimony shows no consent or acceptance to the erection of the fence as a boundary between the two tracts of land.
In one of the cases relied upon by relators, namely Blanchard v. Monrose, supra, the court held: “It, therefore, appears to us that the prescription of 10 years, as provided in R.C.C. art. 853, is not applicable unless the boundary has been fixed by a surveyor and an error has been committed, or unless the boundary has been fixed by the consent of the parties or by their active acquiescence with a realization of the fact that they were actually consenting to a boundary and acquiescing in the location thereofj and that the mere passive failure to object to the location of a fence cannot form the basis of a plea of prescription of ten years.” [12 La.App. 503, 125 So. 893.] (Italics ours.) In Opdenwyer v. Brown, supra, it was held that if visible bounds actually exist, which have been placed there by consent, the action to rectify any alleged error in the location thereof must be brought within 10 years or it will be prescribed under Article 853, LSA-C.C.
It is likewise held in the other cases cited by relators, Picou v. Curole and Kobler v. Koch, that it is necessary to show that the erection of the visible boundary was done with the consent of the owners and the intent to regard it as a boundary.
The plea of 10 years prescription cannot be sustained upon the Hale survey, as it was not made in conformity with the articles of the code neither can it be sustained on the ground of consent by the then owners, for considering all of the testimony it shows no consent or acceptance to the erection of the fence as a boundary between the two properties.
We do not think that the evidence herein is sufficient to show consent or acquiescence as regarded in law to maintain the plea of prescription of ten years to the action of boundary.
For the reasons assigned, the judgment is affirmed.