LOTTINGER, Judge.
This is a boundary action brought by the owner of a tract of land situated in the Parish of Lafourche, measuring one-half arpent front on Bayou Lafourche by a depth of forty arpents, against his neighbor on the upper side who owns a tract measuring one arpent front on Bayou La-fourche by a depth of forty arpents. Carl E. Heck, Civil Engineer, was appointed by the lower court and, accordingly, surveyed the line and filed his proces verbal and plat fixing the boundary between the two properties.
The defendant in his answer questioned the correctness of the Heck survey and, in addition, pleaded the prescription of ten and thirty years, averring that he and his ancestors in title had possessed up to a fence which should be recognized as the boundary line between the properties.
Following trial on the merits judgment was rendered by the court below overruling the ten and thirty year prescriptive pleas filed by the defendant and approving and homologating the line as established by Mr. Heck’s survey. The defendant has appealed.
While the defendant questions the correctness of Mr. Heck’s survey, no other surveyor was called to contradict the line as found by him. He appears to have used sound principles in starting his survey and in locating his survey line. We find no manifest error in his survey and think *392 that it is incumbent upon us to accept it. See Anding v. Smith, La.App., 189 So. 362.
The defendant does not appear to have raised his ten year prescriptive plea on appeal and real center of the controversy seems to center around his plea of thirty year prescription. Assuming that the defendant has established the required possession for the requisite period of time, we feel that nonetheless his plea of" thirty years prescription must fall. It is clear from the record that there was no one fence separating the two estates. There is the remnant of an old fence near the front part of the property and approximately 15 to 20 arpents in the rear there are vestiges of an old fence. While there is what is termed a “cart road” in between these two fences, there is not now and never has been any fence on the levee or batture portion of the property nor has there ever been any fence or visible boundary from the second fence to the 40 ar-pent line.
As we understand LSA-C.C. Art. 852, and the jurisprudence thereunder, it is necessary that the possession of thirty years be exercised to a visible boundary. Under no circumstances can this be said to have existed in the instant case and the plea of prescription must necessarily be overruled.
Counsel for defendant seemed to derive much comfort from the holding of our Supreme Court in the recent case of Sessum v. Hemperley, 233 La. 444, 96 So.2d 832, 841. That authority, however, is not controlling here for there the court found as a fact “that the record preponderate^ establishes that the fence line in question was constructed in 1904 by defendants’ authors in title, separating the present properties of plaintiff and defendants; that it was maintained as a visible existing boundary between said estates; and, that the area of land comprising approximately two acres beyond defendant’s title enclosed within said fence line was actually and publicly possessed by said defendants for a period in excess of thirty years.”
For the reasons assigned, the judgment appealed from is affirmed.
Judgment affirmed.