GLADNEY, Judge.
Plaintiff, by this action sought injunctive relief to restrain the defendant from cut *879 ting and removing timber from a small segment of a forty-acre tract owned by it in Sabine Parish, Louisiana. Responding to the rule nisi, the defendant alleged his ownership by title to forty acres west of and adjacent to plaintiff’s land and pleaded that if plaintiff’s title included the disputed area, the defendant had acquired it by reason of enclosure under fence and notorious, unequivocal possession as owner for more than thirty years, and prayed that he be declared the owner thereof. An appeal was taken by plaintiff from a judgment dismissing its demands and sustaining the plea of prescription with recognition of the defendant’s ownership to the strip of land in contest.
The plaintiff, Sabine Lumber Company, Inc., and the defendant, Eli Garcia, established documentary titles to the SE}4 of the SW}4 and the SW^ of SWj4 respectively, of Section 33, Township 8 North, Range 13 West in Sabine Parish, Louisiana.
In addition to making proof of title to the SE14 of the SW*4 plaintiff produced evidence showing certain timber lying west of defendant’s fence was cut by Garcia and sought to prove such timber was on its land. Called as plaintiff’s witness, August J. Ryberg, a registered surveyor, testified concerning a survey made by him for the plaintiff. Offered in support of his testimony was a plat prepared by the witness under date of June 24, 1952. Indicated on the plat is a north-south fence stretching between the north and south lines of the SEK of SW14. The fence is an undisclosed distance east of the west line of said governmental subdivision. Counsel for appellant for the purpose of fixing the location of the fence has furnished the court with an informal sketch partly based on the testimony of Garrett H. Walsh and partly based on the Ryberg plat. The position of the fence as shown thereon possibly may be correct, but it is not based entirely on the findings of a surveyor, since Mr. Walsh is not so qualified. The establishment of the west line of plaintiff’s forty-acre tract as reflected on Ryberg’s map was seriously objected to by counsel for defendant and we must admit Ryberg failed to present supporting proof of his plat. There is, however, sufficient evidence to place the fence somewhere close to and east of the west subdivision line of the SE14 of SWj4-
The remaining and principal issue posed herein is the plea of prescription asserted by Garcia. The plea is largely predicated on Article 852, LSA-C.C., which declares:
“Whether the titles, exhibited by the parties, whose lands are to be limited, consist of primitive concessions or other acts by which property may be transferred, if it be proved that the person whose title is of the latest date, or those under whom he holds, have enjoyed, in good or bad faith, uninterrupted possession during thirty years, of any quantity of land beyond that mentioned in his title, he will be permitted to retain it, and his neighbor, though he have a more ancient title, will only have a right to the excess; for if one can not prescribe against his own title, he can prescribe beyond his title or for more than it calls for, provided it be by thirty years possession.”
The author of the opinion in Ses-sum v. Hemperley, 1957, 233 La. 444, 96 So.2d 832, 843, after reviewing the problems which have arisen in our jurisprudence concerning the application of the above quoted Codal article, stated with admirable clarity the general rule to be applied in cases arising from prescriptive pleas founded on Article 852:
“Clearly, the now well-established rule, as a result of our codal provisions and the cited authorities, is that where there is a visible boundary which has been in existence for thirty years or more and the defendant in a boundary action and his predecessors in title have, in addition to the land described in the title, actually possessed land ex *880 tending to that visible boundary, a plea of prescription of thirty years should be sustained. It is our view that for the rule to be applicable two conditions must concur: First, there must be a visible boundary, artificial or otherwise ; second, there must be actual uninterrupted possession, either in person or through ancestors in title, for thirty years or more of the land extending beyond that described in the title and embraced within the visible bounds. The lack or failure of consent on the part of the adjacent owner cannot affect the rights that accrue by operation of law to the possessor under the thirty-year prescriptive plea.”
The testimony affecting the plea of prescription establishes clearly that in 1952 Garcia erected a new fence in the same position of an old fence which previously had been maintained since his acquisition of the SW14 of the SW;4 of Section 33, Township 8 North, Range 13 West, on October 10, 1925. Garcia, supported by a number of witnesses long familiar with the locale herein involved, testified he was living on the tract of land at the time he purchased it in 1925 and had continued to live on and cultivate the land up to his last fence line until the institution of this suit, which was filed on June 25, 1957. Although there is some indication that occasionally during this period the fence was not intact, the evidence is convincing that for more than thirty years enough of it remained to constitute an enclosure throughout the entire period.
It is provided in Article 826, LSA-C.C. that by boundary is understood, in general, every separation, natural or artificial, which marks the confines or line of division of two contiguous estates. Trees or hedges may be planted, ditches may be dug, walls or enclosures may be erected, to serve as boundaries.
In Leader Realty Company v. Taylor, 1920. 147 La. 256, 84 So. 648, 651, the Supreme Court said the word “boundary” as used in Article 3437, LSA-C.C. meant the limits or marks of enclosures if the possession be without title, or the boundaries or limits stated in the title deed if the possession be under a title. Referring to the above interpretation, its meaning was further explained in Hill v. Richey, 1953, 221 La. 402, 59 So.2d 434, 440:
“What the court means by ‘enclosures’, as that term is used in the numerous cases found in the jurisprudence, is that the land actually, physically, and corporeally possessed by one as owner must be established with certainty, whether by natural or by artificial marks; that is, that they must be sufficient to give definite notice to the public and all the world of the character and extent of the possession, to identify fully the property possessed, and to fix with certainty the boundaries or limits thereof. To say that the term means ‘enclosed only by a fence or wall’ would be giving it a very strict and narrow construction, not justified or supported by the articles of the Code, as we have herein-above pointed out, and would lead to absurd consequences in some cases.”
In addition to adducing evidence of the existence of a fence between the properties of plaintiff and defendant for a period of more than thirty years, the evidence also discloses that the property so enclosed was consistently cultivated by the defendant, whose home since 1925 has been located on the SWJ4 of the SWJ4-
Counsel for appellant argues the running of prescription in favor of Garcia was interrupted upon the death of his wife with the acquisition of an undivided one-half interest in the community property by his children. By a partition deed dated February 6, 1941, Garcia received as his share of the estate the SW}4 of SWJ4 hereinabove mentioned, and other property with which we are not concerned. It is further contended that when defendant acquired the outstanding interest of his wife’s *881 heirs in 1941 the strip in dispute herein was not included within the bounds of the property so described and, therefore, he could not tack to his own the possession of his wife or heirs. Cited as supporting this postulation is Sattler v. Pellichino, La.App., 1954, 71 So.2d 689, 696. Therein the court said:
“When tlie defendants’ father died, he, together with his mother, the surviving spouse and his brothers and sisters, by operation of law, succeeded to all his father’s property and rights, and if the father had exercised any corporeal or civil possession the widow and heirs could use it in order to make up the 30 years required. However, when the defendant purchased the interest of his mother and brothers and sisters in 1944 the disputed strip was not included within the limits or bounds of the description by which he acquired, and the defendant could not tack the possession of his brothers and sisters and his mother, if any they had, to his own.”
The distinction to he made between the cited and instant cases is that although in the instant suit the disputed strip was not described on the partition deed, the defendant never did at any time relinquish his possession of the property. It was unnecessary for Garcia to resort to privity in order to make up the thirty years required to sustain the plea of prescription.
The enclosure of any of plaintiff’s property by defendant’s fence was of sufficient duration without interruption to sustain the plea of prescription and any property called for by plaintiff’s title lying west of the subject fence has been acquired by the defendant, and must be so recognized by the court.
The judgment will be affirmed at appellant’s costs, subject to correction of an obvious error made in describing the property in dispute. The decree will be recast, therefore, to make the correction and to read:
That there be judgment on the recon-ventional demand in favor of the defendant, Eli Garcia, and against the plaintiff, Sabine Lumber Company, Inc., decreeing said defendant, Eli Garcia, to be the owner of that portion of the property here in dispute, situated in the SEJ4 of SW14, Section 33, Township 8 N, Range 13 W, and that defendant’s fence as now situated on the East side of said property is decreed to be the East line of said defendant’s, Eli Garcia’s, property and the dividing line between the plaintiff’s and defendant’s property insofar as the ownership of the SWi/j of SWH and the SEi/j. of SW14, Section 33, Township 8 N, Range 13 W is concerned.
The judgment from which appealed is affirmed at appellant’s cost.
HARDY, J., absent.