GLADNEY, Judge.
This is an action to fix the boundary line between the estates of plaintiff and defendant. The validity of their respective titles is not involved. Pursuant to a commission of the court, Van A. Barnett, surveyor, was appointed to make a survey of the lands in controversy and in due course and with compliance with all legal requirements, a proces verbal, with map depicting his findings, was duly filed and homolo-gation requested. Following objection by defendant and hearing hereon, there was judgment rejecting the demands of the plaintiff, and she has appealed.
Both parties derive their titles from a common author, Dr. Thomas J. Vance, who, prior to November 28, 1904, owned Block 53 of the Town of Plain Dealing.
Plaintiff acquired title from the First State Bank of Plain Dealing, Louisiana, by deed dated November 25, 1940, recorded in Conveyance Book No. 148, page 389, of the records of Bossier Parish, Louisiana, wherein she received the “West part of Block 53 of Plain Dealing, less West 161 feet, being a lot 240' North and South by 215' East and West.” Her chain of title came down from Jonas Perry, who acquired from Dr. Thomas J. Vance on March 25, 1905, which deed was recorded in Conveyance Book No. 25, page 529, of the records of Bossier Parish. The latter deed described the property conveyed as being “the west part of Block 53 according to the plat of the Town of Plain Dealing, La. * * * being the part of said block lying west of the Plain Dealing-Pleasant Hill Church Road * *
The defendant, Ira A. Gleason, on April 19, 1938, acquired his property involved in the present controversy from Leon Gleason by deed recorded in Conveyance Book No. 136, page 310 of the records of Bossier Parish. Therein the property was described as “All of the East Half of Block 53 of the Town of Plain Dealing, less the East 112 Feet- of the said Block 53.” The defendant’s title descended from H. D. Kelley, who bought the property from Dr. Thomas J. Vance by deed dated November 28, 1904, recorded in Conveyance Book No. 25, page 327 of the records of Bossier Parish. The description of the property so conveyed described “That part of Block 53 in the Town of Plain Dealing, La. lying East of the public road leading from Plain Dealing to the Pleasant Hill ChurchHouse ;Ji j{c
The testimony indicates that when Jonas Perry owned the property west of the road and H. L. Boggs owned the property on the east side of the road, they caused the road immediately south of the two properties to be closed, but the road between the respective properties has never been closed. The testimony of several elderly witnesses, Ira A. Gleason, Tom Crawford, Chester Lowe, and Clyde Davis, incontrovertibly shows continued use of said road and the existence of fencing along the east and west sides of the road, placed there by the property owners prior to 1917. Gleason testified such fences were built to conform to a survey made by Richard Drew in 1911, upon instructions from Jonas Perry. Clyde Davis identified an ornamental iron fence along the west side of Gleason’s property as having been erected in 1914, 1915 or *336 1916. This fence was partially removed in recent years by the defendant, but is otherwise intact and was viewed by the trial judge. Along the east side of the road a picket fence was built by Jonas Perry following the Drew survey and remained until removed by plaintiff in recent years.
The evidence further discloses the defendant has remained continuously in peaceful possession of that part of Block 53 lying east of the old Plain Dealing and Pleasant HiH Church Road for more than twenty years prior to the institution of this suit and that his authors in title were in like possession of said property for more than thirty years prior to the possession of the defendant. The evidence also reflects that possession by plaintiff and her authors in title has not been exercised beyond the west side of said road.
The official surveyor, Barnett, after inspection of the title papers, determined upon a boundary consistent with the respective titles of plaintiff and defendant, and opined it should be fixed to coincide with a north-south line dividing Block 53 equally, whereas it is the contention of defendant his west property line is marked by the ornamental iron fence and plaintiff’s east line is along the west side of the said road. The line established by Barnett is located approximately twenty feet east of the fence which defendant claims to be the west line of his property. It is obvious from his testimony and proces verbal, the surveyor failed to accord proper consideration to the existence of the Plain Dealing-Pleasant Hill Church Road which separates the two estates, and which, so far as the record indicates, has never been abandoned between the two estates.
Under the provisions of LSA-C.C. Art. 852, one who has maintained uninterrupted possession' of property within existing visible bounds during thirty years, may retain the quantity so possessed by him though it be beyond and more than called for by his title, and the defendant, Gleason, invokes the provisions of this Codal article for the purpose of retaining his possession of the strip of land lying between the north and south center line of Block 53 of Plain Dealing and the iron fence along the west side of his property, which strip of property has been in the possession of Gleason and his predecessors in title for more than thirty years. In a case thoroughly considered by this court (83 So.2d 546), and by the Supreme Court, Sessum v. Hemperley, 1957, 233 La. 444, 96 So.2d 832, on page 843, Simon, J., author of the final opinion in the Supreme Court, made these comments, which seem peculiarly appropriate to the case now before this court:
“In the case of Opdenwyer v. Brown, 155 La. 617, 99 So. 482, after reviewing many authorities we recognized that boundaries long established should not be disturbed. We further held that the holder of the junior title may retain any quantity of land beyond his title which he or those under whom he holds may have possessed for thirty years.
“Clearly, the now well-established rule, as a result of our codal provisions and the cited authorities, is that where there is a visible boundary which has been in existence for thirty years or more and the defendant in a boundary action and his predecessors in title have, in addition to the land described in the title, actually possessed land extending to that visible boundary, a plea of prescription of thirty years should be sustained. It is our view that for the rule to be applicable two conditions must concur: First, there must be a visible boundary, artificial or otherwise ; second, there must be actual uninterrupted possession, either in person or through ancestors in title, for thirty years or more of the land extending beyond that described in the title and embraced within the visible bounds. The lack or failure of consent on the part of the adjacent owner cannot affect the rights that accrue by opera *337 tion of law to the possessor under the thirty-year prescriptive plea. We feel that the foregoing conditions have been completely met in the instant case.”
We agree with the conclusions of the trial court that the principles enunciated in Sessum v. Hemperley, have application in the instant case, and, accordingly, the demands of the plaintiff should be rejected at her cost. The judgment is affirmed.