FRUGÉ, Judge.
This suit comes before us on appeal from a judgment rejecting plaintiff’s demands at his costs.
For cause of action, plaintiff alleged that he is the owner of certain property; that defendant has been in possession of 125 square feet (actually 87.5 square feet) of petitioner’s property; that defendant caused to be placed on said property, and enclosing 125 square feet of petitioner’s property, a “cyclone-type” fence and refuses to remove the same from petitioner’s property; that therefore defendant is trespassing, and prayed that there be judgment recognizing and re-affirming petitioner’s title to the property, and ordering defendant to vacate same and deliver possession to petitioner. Defendant answered with a general denial of the main allegations of plaintiff’s petition and further answered alleging that the said fence was in existence since the year 1926; and further pleading the prescription of thirty years under LSA-C.C. Art. 852 on the theory that defendant and his ancestors in- title have continuously possessed the property up to the fence for more than thirty years without disturbance; and the defendant prayed that his plea of prescription be maintained, and that the demands of plaintiff be rejected and dismissed at his cost. The case went on for trial, and the only evidence admitted was in relation to said plea of thirty years prescription. The trial court found that the preponderance of the evidence showed that the fences around the disputed tract had been there for more than thirty years, and in effect that the land had been possessed by defendant therein for more than thirty years. The trial judge further held that the action was a petitory action and not one in boundary; that the prescription of thirty years under LSA-C. C. Art. 3499 was the proper prescription to have been plead; and applying the prescription of thirty years per LSA-C.C. Art. 3499 the trial court found that the requirement of privity had been met in the conveyance by defendant’s ancestor in title to defendant and therefore the necessary “adverse possession” by defendant had been shown by “tacking” the possession of defendant’s vendor to that of the defendant.
The property in dispute consists of 87.5 square feet located in the north *845 eastern corner of plaintifí:’s property. There is no question but that plaintiff is the record owner of lot 4 of Block AA of the Roy Addition, said lot having a front of 55 feet on College Avenue, and a depth of 150 feet between parallel lines. Furthermore, there is also no dispute that defendant, Aldredge, is the record owner of Lot 10 of Block AA of the said Roy Addition. Defendant’s ancestor in title, G. W. Ford, purchased Lot 10 of Block AA of the Roy Addition, bounded on the North by A. A. Frederick, South and West by P. T. Hedges, and East by North Street, in January, 1926. ■On May 15, 1952'Ford sold the same property to defendant, Aldredge, that is, Lot 10 of Block AA of the Roy Addition then bounded on the North by N. B. Morrision, on the South by L. J. Choate and Sylvan Nelkin, on the West by N. E. Morrison and on the East by North Street. Mr. Ford testified that when he bought the property there were fences on the North, South and West, and that the fences today are in approximately the same position as they were then. He further testified that the fence is in the same place as it was when he sold the property to defendant. Without going into a more detailed discussion of the testimony, suffice it to say that several witnesses testified that the fence was in relatively the same position for over thirty years and that the property, up to the fence, had been used continuously during that time by either Ford and/or the defendant. We find, therefore, as did the trial judge, that the fence has been in the same position for a period in excess of thirty years and that ■the property up to the fence has been possessed and used by defendant and/or his ancestor in title, for a period in excess of thirty years.
This controversy is over the ownership ■of that strip of land, consisting of 87.5 ■square feet. Since there is no question as to the recorded or “ideal” boundaries of both litigants the controversy may be decided on our determination of whether or not the plea of thirty years prescription per LSA-C.C. Art. 852 is a valid defense to the suit in the nature of a petitory action.
“It is our firm conviction that public interest requires that boundaries established for more than 30 years should not be disturbed; and we think the law so provides.” See Opdenwyer v. Brown, 155 La. 617, 99 So. 482, 483. In this land-mark case, Justice St. Paul, also stated that:
“The sanctity which all nations have at all times attached to land boundaries is a part of general history. The Romans even deified such boundaries under the pseudonym of the god ‘Terminus,’ who had neither feet nor arms, so that he could not move. This was symbolic of their jurisprudence; and that jurisprudence is ours.
“For, one who seeks to maintain an existing visible boundary is not seeking to acquire land by the prescription ac-quirendi causaJ but only to preserve the integrity of the land he already holds by title.11
The case also stands for the proposition that where a tract of land has been possessed under visible bounds, for thirty years or more, such visible bounds should prevail over the ideal bounds called for in the titles.
In the case of Sessum v. Hemperley, 233 La. 444, 96 So.2d 832, 842, Justice Simon had occasion to interpret the prescription of thirty years per LSA-C.C. Art. 852. After quoting Art. 852, he continued thusly:
“Under the provisions of LSA-C.C. Art. 852 it is observed that one who has maintained uninterrupted possession of property within existing visible bounds during thirty years may retain the quantity so possessed by him though it be beyond and more than called for by his title. This is the possession that is essential to bring this article into operation, irrespective of the good or bad faith on the part of the possessor. There is nothing in the provisions of LSA-C.C. Art. 852 which demands the *846 element of mutual consent of the parties. Its provisions clearly provide that possession of surplus land beyond one’s title shall entitle.him to retain the same once his possession has continued uninterrupted within visible bounds for a period of thirty years.” Citations omitted.
After appropriate citation of authority and discussion thereof, Justice Simon concluded :
“Clearly, the now well-established rule, as a result of our codal provisions and the cited authorities, is that where there is a visible boundary which has been in existence for thirty years or more and the defendant in a boundary action and his predecessors in title have, in addition to the land described in the title, actually possessed land extending; to that visible boundary, a plea of prescription of thirty years should be sustained. It is our view that for the rule to be applicable two conditions must concur: First, there must be a visible boundary, artificial or otherwise; second, there must be actual uninterrupted possession, either in person or through ancestors in title, for thirty years or more of the land extending beyond that described in the title and embraced within the visible bounds. The lack or failure of consent on the part of the adjacent owner cannot affect the rights that accrue by operation of law to the possessor under the thirty-year prescriptive plea. We feel that the foregoing conditions have been completely met in the instant case.”
In an action quite similar to the one at bar, Sattler v. Pellichino, La.App., 71 So. 2d 689, 692, Judge Ellis observed:
“It will be noted that we have a case filed as a petitory action being defended under the prescription set forth in Article 852 pertaining to the fixing of boundaries, however, there is no reason why it should not be used as a defense to a petitory action. We find a pertinent and logical argument presented in the 13 Louisiana Law Review (Vol. 13, No. 4) at page 585, which is a discussion of prescription under Article 852:
“ ‘If one is faced with the defense of a petitory action, it would appear that a boundary action and Article 852 could be properly pleaded in a recon-ventional demand. Aside from ownership of the strip of land in dispute, titles of the respective parties are seldom at issue. In reality only the proper location of a boundary is at issue. Is not one element of plaintiff’s cause of action in a petitory action the delimitation of the title sued upon? Regardless of the state of the remainder of his title, if plaintiff in a petitory action claims a boundary which includes land lost by the effect of prescription under Article 852, then plaintiff should not be permitted to regain the land by his form of action alone. Since the outcome of a boundary action would give the land to defendant, it is not logical to permit a plaintiff to escape such an outcome by resort to the peti-tory action. It is submitted that even should such a petitory action be filed by one who was unsuccessful in a prior boundary action, an exception of no cause of action or a plea of res ad-judicata should be sustained.’
“In conclusion it is submitted as follows :
'“(1) Article 852 states a rule of prescription by which one may acquire ownership of land outside one’s title description if the land has been possessed within visible bounds for a period in excess of thirty years; and
“‘(2) Article 852 can be utilized in any action proper to determine ownership or the right to possession of such land.’ ” (Emphasis added.)
*847 Judge Ellis then discussed the law applicable and the facts necessary to sustain the plea of thirty years prescription under LSA-C.C. Art. 852. We deem it appropriate to quote from only one of the cases cited by him. In Henly v. Kask, La.App., 11 So.2d 230, 235, that court stated:
“It seems clear to us, as a result of these decisions, that the now well-established rule is that where there is a visible boundary, which has been in existence for thirty years or more, and the defendant in a boundary action, or his predecessors in title have, in addition to the land described in the title, actually possessed land extending to that visible boundary, a plea of prescription of thirty years will be sustained since the defendant may show that, though he, himself, has not occupied the property for thirty years, the occupancy of his predecessors in title may be ‘tacked’ to his own. It is true that, in order that this rule apply, certain conditions must be met. First, there must be a visible boundary, such as a fence or wall, and second, there must be actual possession, either in person or through ancestors in title, for thirty years or more, of the land described in the title and also of that beyond the title as far as the actual physical boundary.”
Furthermore, in the case of Collett v. Otis, La.App., 80 So.2d 117, 124, Judge Ellis again stated the proposition that the prescription of thirty years in LSA-C.C. Art. 852 could be plead as a defense to a peti-tory action. In the Collett case, supra, Judge Ellis, in discussing Sattler v. Pellichino stated that there:
“ * * *, this court had occasion to consider a petitory action as a defense to which the plaintiff plead the prescription of thirty years under Article 3499 and Article 852 of our LSA-Civil Code. Although the prescription under Article 852 specifically referred to an action in boundary, we recognized that by such prescription one could acquire title to real estate, and held that it could be properly plead as a defense to a petitory action.”
In the case of Isacks v. Deutsch, La.App., 114 So.2d 746, Judge Ellis again had occasion to consider the prescription of thirty years. There the testimony was insufficient to show thirty years possession required under either LSA-C.C. Art. 852 and/or Art. 3499. However, he did recognize that the principle as enunciated in Sattler v. Pellichino, supra, was reaffirmed in the case of Collett v. Otis, supra, but the case was not a proper one, under the facts, for an application of the doctrine of thirty years prescription under LSA-C.C. Art. 852.
 We feel that Judge Ellis, in the above cited cases, has given a reasonable interpretation and application to LSA-C.C. Art. 852. We also approve of the interpretation of that codal article (852) as found in the quotation above from Vol. 13, Louisiana Law Review, and quoted by Judge Ellis. To reject that interpretation would be to place too strict a construction on pleadings and thereby bar parties litigant from their acquired rights and would tend to create a multiplicity of suits. Such interpretation is not contemplated by our jurisprudence. Therefore, we find that the plea of thirty years prescription under LSA-C.C. Art. 852 has been properly plead in the case at bar. Under LSA-C.C. Art. 852 possession of the owners may be tacked on so as to have thirty years possession, and privity is not required. See Opdenwyer v. Brown, supra. In the case at bar, we have found that defendant and/or his ancestors in title have had actual possession up to and including the enclosed property, for a period in excess of thirty years.
For the foregoing reasons the judgment of the lower court rejecting plaintiff’s demands at his cost is
Affirmed.