LANDRY, Judge.
This is an appeal from a judgment of the trial court dismissing the petitory action filed by plaintiffs-appellants against defendants-appellees pursuant to a plea of res adjudicata predicated upon a prior boundary action between these same parties.
The petition herein alleges plaintiffs and defendants are owners of adjoining properties and that defendants are in possession of a portion of plaintiff’s land measuring 8.28 feet on its front line, 38.46 feet on its rear line, 7,531.86 feet along its upper line and 7,542.05 feet along its lower line. Plaintiffs further aver defendants are in possession of the disputed parcel of ground by virtue of a judgment rendered April 9, 1953, in Suit Number 9,928 on the docket of the Honorable Seventeenth Judicial District Court in and for Lafourche Parish, Louisiana, entitled “Alex J. Arabie et al v. Adam J. Terrebonne” which plaintiffs acknowledge to be an action to establish the boundary between the estates involved in this present litigation. Recognizing that in the boundary action referred to the line between the properties was judicially established by the Honorable Seventeenth Judicial District Court whose decision in favor of present defendant was affirmed on appeal to this court as appears from the judgment of this court reported in 69 So.2d 516, appellants seek to avoid the effect of the prior adverse boundary decision by contending the boundary as therein established was erroneously fixed and, therefore, subject to attack for error pursuant to the provisions of LSA-C.C. art. 853. Plaintiffs pray for judgment recognizing plaintiffs to be the true and lawful owners of the disputed property, ordering defendants to deliver possession thereof to plaintiffs and further ordering the Clerk and Recorder in and for La-fourche Parish to cancel, annul and erase from the mortgage records of said parish the inscription of judgment rendered April 9, 1953, in the aforesaid boundary action, recorded in M.B. 28, Folio 372 of the records of said parish.
In support of their contention that the learned trial court erred in sustaining appellees’ plea of res adjudicata and dismissing appellants’ petitory action, appellants, in substance, make two submissions: First, it is argued a plea of res adjudicata is stricti juris and any doubt regarding similarity of the actions must be resolved in appellants’ favor. In this connection appellants maintain the jurisprudence of this state is settled to the effect that in a boundary suit title is not in issue whereas in a petitory action title or ownership is the sole and only issue involved. Secondly, appellants submit that a judgment rendered in a boundary action may be set aside for error unless the party possessing thereunder has remained in possession for 10 years or more, as provided for in LSA-C.C. art. 853.
The position of appellees is that the plea of res adjudicata was properly sustained for the reason the 10 year prescriptive period governing an action to rectify an error in a boundary established between adjoining landowners as provided for in Article 853, LSA-C.C., applies only to boundaries extra-judicially established. Appellees further contend that when a boundary is judicially fixed and established the fixing thereof becomes a part of and is then merged with the judgment fixing same and becomes res adjudicata between the parties. Appellees also submit that appellants having interposed pleas of 10 and 30 years prescription in defense of the boundary action instituted by appellees, (as the record in said boundary suit indi *108 cates), thereby placed in issue the questions of title and ownership which were therein resolved adversely to appellants.
As contended by appellants and acknowledged by appellees it is settled law in this state that a plea of res adjudicata is stricti juris and each element thereof must be established beyond all question. LSA-C.C. art. 2286, Hart v. Untereiner, 14 Orl.App. 146. Similarly, it is agreed between the litigants at bar that for the rule of res adjudicata to apply the thing demanded must be the same, the cause must be the same and the parties must be the same. LSA-C.C. art. 2286. Richards v. Crescent Towing & Salvage Company, Inc., La.App., 115 So.2d 894; Bank of Terrebonne & Trust Co. v. Marcel, La.App., 102 So.2d 539.
It is not seriously disputed herein that the validity of appellees’ plea of res ad-judicata is dependent upon resolution of the question of whether the issues in a boundary suit are the same as those in a petitory action.
The question thus presented for determination is one that has admittedly perplexed the courts of this state and has resulted in some confusion and conflicts in the jurisprudence dealing with the subject matter.
Appellees concede that in a boundary action pure and simple title or ownership is not at issue but cites Collett v. Otis, La.App., 80 So.2d 117, Davis v. Moore, 156 La. 488, 100 So. 691 and Keller v. Shelmire, 42 La.Ann. 323, 7 So. 587, in support of the proposition that if a defendant in a boundary action interposes a plea of prescription of 10 or 30 years, the question of ownership and title is thereby placed in issue and must be passed upon by the court. Additionally, appellees maintain that prescriptive title may be pleaded in a boundary action as held in Sattler v. Pellichino, La.App., 71 So.2d 689.
On the contrary, however, appellants contend the issues in a boundary action are entirely separate and distinct from those involved in a petitory action inasmuch as in the former only the location of the proper line of demarcation between estates is in controversy whereas, in the latter the question is one of title or ownership. In so arguing appellants rely upon pronouncements found in Forrest v. Hunter, 231 La. 693, 35 So.2d 460. In addition, appellants cite Sprigg v. Hooper, 9 Rob. 248, and Keller v. Shelmire, 42 La.Ann. 323, 7 So. 587, as authorities for the rule that in an action to establish a boundary any reference to titles is merely for the purpose of establishing boundaries in accordance with them and not for the purpose of determining ownership. Appellants point to White v. Purnell, 14 La.Ann. 232 as holding that a judgment in a boundary action may not serve as the foundation for a plea of res adjudicata in a subsequent petitory action between the same parties. In extension of their position and argument appellants maintain the judgment rendered in the previous boundary action (a copy of which appears in the record) makes no mention of title or ownership in either party, nor did it discuss possession of present defendants-appellees but that it dealt only with the question of appellants’ alleged possession of the property for 30 years. Finally, appellants urge the learned trial court erred in predicating its decision herein on Sessum v. Hemperley, 233 La. 444, 96 So.2d 832, which was a boundary suit decided in favor of defendant therein upon a plea of 30 years prescription interposed upon authority of LSA-C.C. art. 852.
We believe the views of this court on the question of whether a judgment in a boundary action may serve as the basis of a plea of res adjudicata in a subsequent petitory action between the same parties are fully set forth in Sattler v. Pellichino, La.App., 71 So.2d 689, and Collett v. Otis, La.App., 80 So.2d 117. In the former decision, a petitory action wherein defendant resisted *109 plaintiff’s demand by filing a plea of thirty years prescription by which defendant sought to establish title to lands within plaintiff’s title, this court in effect announced the principle that where prescription is pleaded in a boundary suit the issue, in substance, becomes one of title or ownership and a judgment rendered in such suit should properly serve as the basis of a plea of res adjudicata in an ensuing petitory action between the same parties.
Subsequent to the Sattler decision, supra, this court in Collett v. Otis, 1955, 80 So.2d 117, 125, an action to establish boundary, had occasion to exhaustively review the then •existing jurisprudence on the issue at hand. After holding that Article 852, LSA-C.C. •does not limit the plea of prescription in a boundary action to that of 30 years only but -that in such an action a party may also rely upon a plea of 10 years prescription as provided for in Article 3478, LSA-C.C., this court further held that the prescription provided for in both Articles 852 and 3478, LSA-C.C. state rules by virtue of which one may acquire a boundary and •ownership of lands if the necessary elements required by law to perfect such title is shown to exist. It was further held therein that since the period of either 10 or 30 years prescription may be relied upon to prove ownership or right to possession, it necessarily follows it also establishes the boundaries of real property. The Collett case, supra, is also authority for the view that prescription of either 10 or 30 years is a means of acquiring a boundary and either may be employed as a defense to an action to fix a boundary.
As stated in the Collett case, supra, to hold otherwise is but to require multiple ■defense of a single issue, a result repro-bated in law. We adhere to the views ex-presssed in Collett v. Otis, supra, particularly the following language appearing t herein:
“We submit that Article 3478 states a rule of prescription by which one may acquire a boundary and ownership of the land within his title bounds if the elements required by the law are so fulfilled to perfect his title. We further submit that Article 3478 can be utilized in any action to determine ownership or the right to possession of the land described within the title bounds, and it logically follows that when so used it establishes the boundary to real estate. It is a means of acquiring a boundary and can therefore be used as a means of defense in a boundary suit.
“We again submit that there is no reason in law for forcing litigants to go through two law suits, one a boundary action and the other a petitory action, in order to settle the boundary.”
Subsequent to rendition of the decisions in Sattler v. Pellichino, supra, and Collett v. Otis, supra, the Supreme Court handed down the decision in Sessum v. Hemperley, 1957, 233 La. 444, 96 So.2d 832, wherein defendant’s plea of thirty years prescription was maintained in a boundary action and the line established along a visible boundary to which defendant had possessed for more than 30 years. The decision therein admittedly did not involve a plea of res adjudicata but despite language therein expressly stating validity of written titles was not involved otherwise LSA-C.C. art. 852 would be inapplicable, the Supreme Court nevertheless fixed the boundary and declared defendant entitled to possession of land possessed to a visible boundary for more than 30 years. We submit that, in substance, such decision determines ownership and title to the property involved.
We sincerely believe the rules announced in the Sattler and Collett cases, supra, are basically sound in that they tend to obviate absurd consequences and eliminate a multiplicity of litigation to settle a single, common issue, results which both law and equity strive to achieve. In the event of *110 any conflict between the views of this Court and those of the Supreme Court of this state, the matter is one which addresses itself to the superior and supervisory authority of the latter tribunal.
We conclude, therefore, the learned trial court properly sustained the plea of res ad-judicata filed on behalf of appellees herein.
Appellant’s contention the 10 year prescriptive period set forth in LSA-C.C. art. 853 for rectification of error in a boundary action applies to judicially established boundaries is without merit. In so maintaining, appellants rely upon the following language appearing in Williams v. Bernstein, 51 La.Ann. 115, 25 So. 411, 415:
“The action may be repelled by showing that the boundary line between the two properties had been settled by judicial decree, or by a survey made by a surveyor in conformity to the requirements of the Revised Civil Code. A line, however, even when established between the parties by such a survey, yields to a demand, under an allegation of error, for the rectification of the line, unless the party resisting the rectification should allege and show an adverse possession of 10 years under the erroneous line.”
Our interpretation of the quoted language does not accord with that of learned counsel for appellants. We note that the last sentence of the cited portion of the Williams decision makes no reference whatsoever to a boundary fixed by judicial decree but relates only to lines established extrajudicially between adjoining landowners by survey as provided for by the pertinent articles of LSA-C.C.
If any doubt with respect thereto existed we believe it has since been settled by the ruling in Opdenwyer v. Brown, 155 La. 617, 99 So. 482, 483, wherein the Supreme Court with reference to LSA-C.C. art. 853, said :
“ * * * But if visible bounds actually exist, which have been placed there by consent, the action to rectify any alleged error in the location thereof must be brought within 10 years, or it will be prescribed. R.C.C. art. 853. And manifestly the action to rectify boundaries lies only when these have been fixed extrajudicially; for if judicially fixed, the question of boundaries is then merged in the judgment, and becomes res judicata; which judgment, like any other, cannot be attacked for error but only for fraud, and then only within a year. C.P. art. 613.” (Emphasis by the court.)
The foregoing pronouncement in Opdenwyer v. Brown, supra, was, in effect, reiterated by the Supreme Court in Sessum v. Hemperley, 233 La. 444, 96 So.2d 832.
Any other conclusion would, in substance, remove the effect of finality accorded judgments of courts of record from which only confusion could result. It is elementary that in the event of error in the judgment of a court of record the remedy is by appeal as provided for by law. Upon expiration of the delay for appeal or affirmation on appeal, the unsuccessful litigant may not thereafter attack the final judgment for error but only for fraud and then only within one year as provided for by former Louisiana Code of Practice Article 613, presently Louisiana Code of Civil Procedure Article 2004.
Judgment affirmed.