PRICE, Judge.
This is an appeal from a judgment sustaining a plea of prescription in a boundary dispute between the owners of adjoining estates. Although initiated by plaintiff by petition styled a petitory action, the subsequent pleadings and the response thereto converted the proceedings to an action seeking a judicial determination of the boundary between their respective properties.
Wayne D. Johnson, plaintiff, is the record owner of the SE/4 of NW/4 of Section 11, Township 15 North, Range 1 West, less and except a small parcel in the northwest corner thereof of Jackson Parish, Louisiana. Defendants, Marie Truelove Horton and Grover Horton, are record owners of a two-acre tract adjoining plaintiff’s property on the south, which tract is described as follows:
Beginning at the NW corner of W/2 of NE/4 of SW/4, Sec. 11, Twp. 15 N.R. 1 West and run E along and with N line of said 20 acres a distance of 220 yds to *159 the E line of said 20 acres, thence S along and with E line of said 20 acres a distance of 44 yds., thence run W 220 yds. to W line of said 20 acres, thence run N along and with W line of said 20 acres a distance of 44 yds. to the starting point.
Johnson contends a fence has been in existence on the south line of his property for a period in excess of thirty years and that he and his ancestors in title have exercised uninterrupted physical, corporeal possession down to this fence for this period of time. He further claims defendants have only recently torn down a portion of this old fence and erected a new fence some 80 feet north thereof on the property belonging to him. Defendants, to the contrary, not only deny the old fence has been in existence for a period of thirty years, but further deny it has ever been considered as the boundary between the two estates. They further contend the new fence erected by them is on the ideal quarter section line as determined by a recent survey made on adjoining property of Tremont Lumber Company.
On trial of the merits, a number of witnesses were produced by each of the parties in support of their adverse contentions as to the number of years the fence in question had existed. After hearing this testimony, which was conflicting on the issue, the trial judge concluded the plaintiff had established by a preponderance of the evidence the existence of the old fence for a period in excess of 40 years; that during this period the fence had been considered as the boundary between the two estates and that the plaintiff and his ancestors in title had exercised physical possession as owners up to the subject fence since its construction. Judgment was rendered recognizing plaintiff’s ownership of the disputed property and ordering defendants to remove the fence constructed by them within 60 days or have judgment rendered against them for the sum of $250.
We can find no manifest error in this finding of fact by the trial judge, particularly since it must be determined for the most part on the credibility of the testimony of the witnesses.
In his reasons for judgment, the trial judge relied primarily on the testimony of W. O. Ewing, a former land agent for Tremont Lumber Company, who was 91 years old at the time of trial, and Joseph A. Ewing, age 66, who had lived across the road from the subject property in 1920. They confirmed the existence of the old fence line as early as 1922, depicting it as first being a rail fence and later changed to a net wire fence. Although there is testimony by two of the prior owners of the defendants’ tract who owned the property in the 1930’s denying any fence existed on the north property line while they owned it, we find their testimony is conflicting with the immediate vendor of the defendant, Tom Truelove, who acquired the property in 1947 and admitted the fence appeared to have been in existence for more than 12 years at that time. We conclude the trial judge relied on the most impartial and qualified witnesses in resolving this issue. The Ewings had extensive familiarity with land lines and titles in this immediate vicinity and had never had any connection with either estate.
Defendants argue the possession of the disputed area by plaintiff was not adverse possession as it was by agreement of the parties that he use this area just north of the old fence line until such time as the true boundary was determined. Plaintiff denies such an agreement existed and testified he cut trees and cleared land immediately adjacent to the disputed fence some six or eight years prior to the commencement of this action.
In Sessum v. Hemperley, 233 La. 444, 96 So.2d 832, 842 (1957), the Supreme Court discussed the prescription provided for under Article 852 thusly:
“LSA-C.C. Art. 852 says: ‘Whether the titles, exhibited by the parties, whose *160 lands are to be limited, consist of primitive concessions or other acts by which property may be transferred, if it be proved that the person whose title is of the latest date, or those under whom he holds, have enjoyed, in good or bad faith, uninterrupted possession during thirty years, of any quantity of land beyond that mentioned in his title, he will be permitted to retain it, and his neighbor, though he have a more ancient title, will only have a right to the excess; for if one can not prescribe against his own title, he can prescribe beyond his title or for more than it calls for, provided it be by thirty years possession.’
“Under the provisions of LSA-C.C. Art. 852 it is observed that one who has maintained uninterrupted possession of property within existing visible bounds during thirty years may retain the quantity so possessed by him though it be beyond and more than called for by his title. This is the possession that is essential to bring this article into operation, irrespective of the good or bad faith on the part of the possessor. There is nothing in the provisions of LSA-C.C. Art. 852 which demands the element of mutual consentí of the parties. Its provisions clearly provide that possession of surplus land beyond one’s title shall entitle him to retain the same once his possession has continued uninterrupted within visible bounds for a period of thirty years. Beene v. Pardue, La.App. 1955, 79 So.2d 356; Sattler v. Pellichino, La.App. 1954, 71 So.2d 689; Adams v. Etheredge, La.App.1954, 70 So.2d 388; Duplantis v. Locascio, La.App.1953, 67 So.2d 125; Tate v. Cutrer, La.App.1951, 53 So.2d 285; Picou v. Curole, La.App.1950, 44 So.2d 354; Latiolais v. Robert, La.App.1942, 8 So.2d 347.”
Although the judgment signed by the trial judge attempted to describe with particularity the location of the disputed property, we do not find there is any reliable evidence in the record on which an accurate description can be based. We, therefore, can only affirm his factual findings that the boundary between these estates is the line of the old fence erected around 1922. The establishment of this line in relation to the original governmental survey quarter section line could only be determined by a survey. As the ideal quarter section line will no longer be determinative of the boundary between these two estates, we do not consider it necessary to impose on the parties, without their consent, the expense of a survey which is not an absolute necessity for the resolution of the issues presented at this time.
Although defendants have complained on this appeal of the trial court’s order for the removal by them of the newly constructed fence within 60 days, or in default thereof have judgment rendered against them for the sum of $250, we find no error in this portion of the decree. The construction of the fence on property owned by another constitutes a trespass for which they are liable for the damages occasioned thereby. The trial judge limited his alternative award to the estimate of the cost of removal which is in accord with the evidence in the record.
Accordingly, for the reasons assigned, the judgment appealed from sustaining plaintiff’s plea of 30 years prescription and establishing the boundary between the estates of Wayne D. Johnson (in the SE/4 of NW/4 of Section 11, Township 15 North, Range 1 West, Jackson Parish, Louisiana) and Grover Horton (in the W/2 of NE/4 of SW/4 of Section 11, Township 15 North, Range 1 West, Jackson Parish, Louisiana) along the line of the old fence erected prior to 1922, is hereby affirmed.
Costs of this appeal are to be paid by appellant.