355 So.2d 559 (1978)
Jack BROOKSHIRE et al., Plaintiffs-Appellees,
v.
Thomas J. GUIDRY et al., Defendants-Appellants.
No. 6293.
Court of Appeal of Louisiana, Third Circuit.
February 6, 1978.
*560 Thomas D. Brumbaugh, Lafayette, for defendants-appellants.
Broussard, Broussard & Moresi, Paul G. Moresi, Jr., Abbeville, Deshotels & Deshotels by O. H. Deshotels, Jr., Kaplan, for plaintiffs-appellees.
Before CULPEPPER, DOMENGEAUX and WATSON, JJ.
WATSON, Judge.
This lawsuit involves a boundary dispute between adjoining landowners in Vermilion Parish. Plaintiffs, Jack, Edna and Charles H. Brookshire, filed a possessory action alleging that their possession up to a visible boundary, a fence, had been disturbed by defendants, Michael James, Thomas J. and Thomas J. Guidry, Jr. Plaintiffs alleged possession of the following described property:
"One certain tract of land containing 161 acres more or less, situated in the Southern portion of Irregular Section 66 and in the Northern portion of Irregular Section 67, Township 12 South, Range 3 East, Vermilion Parish, Louisiana." (TR. 5).
Defendants allegedly tore down the old fence and damaged some trees and shrubs. The Brookshires asked for damages and restoration of their peaceful possession. The Guidrys reconvened, alleging that the boundary had never been properly determined and asking that a surveyor be appointed. The Guidrys alleged ownership of the following described property:
"That certain tract of land, together with all buildings and other improvements thereon, situated in Section 66, Township 12 South, Range 3 East, Louisiana Meridian, Vermilion Parish, Louisiana, containing 85.39 acres, more or less, bounded, now or formerly, North by R. J. Young, South by J. A. Brookshire et al and Dulva Hebert, East by Section Line and Public Road." (TR. 11).
The Guidrys also filed a supplemental reconventional demand naming as defendants the numerous owners and lessees, of the minerals under both tracts. Plaintiffs filed a peremptory exception of prescription to the reconventional demand on the basis of possession to a visible boundary for a period in excess of 30 years. The trial court sustained *561 the exception and ordered that a fence erected by defendants in 1973 be removed at defendants' cost. Defendants, the Guidrys, have appealed.
The trial court made factual findings that plaintiffs, the Brookshires, and their ancestors in title, had had possession to the old fence line, a visible boundary, for a period in excess of 30 years and had fulfilled the requirements of LSA-C.C. art. 852.[1]
There is abundant evidence, although disputed in some aspects, contained in the testimony of the some eighteen witnesses to the effect that a fence existed on the northern boundary of the Brookshire tract for more than thirty years and that the fence ran from the road, which formed the western boundary, up to or almost up to the coulee on the east. Several witnesses described the fence in detail and identified it as being considered the Brookshires' property line. There is no need to recite this testimony in detail, since it provides a more than reasonable evidentiary basis for the trial court's findings of fact, which must, therefore, be affirmed. Wiley v. Travelers Insurance Company, 300 So.2d 555 (La.App. 3 Cir. 1974) writ denied, 303 So.2d 187.
Thus, the evidence preponderates strongly in favor of the trial judge's finding that there was a visible boundary evidenced by a fence between the Brookshire and Guidry property and that there has been actual, uninterrupted possession by the Brookshires and their ancestors in title for 30 years or more of the land to the fence. The boundary established for more than 30 years should not be disturbed and the Brookshires as possessors have acquired the right to the land beyond their title embraced within the visible boundary or fence. William T. Burton Industries, Inc. v. Wellman, 343 So.2d 996 (La., 1977); Sessum v. Hemperley, 233 La. 444, 96 So.2d 832 (1957). LSA-C.C. art. 852. A surveyor has previously been appointed by the trial court and it only remains for the surveyor to survey the ideal boundary between these owners and show the relationship of the old fence to that boundary following which the trial court can render a judgment. The survey will provide record evidence of and confirm the location of the old fence line, which has been established as the boundary by acquisitive prescription.
Here, as in the Wellman case, supra, only one group of litigants provoked the necessity for a survey. Accordingly, the expenses of the survey should be borne by Thomas J. Guidry, et al, defendants-appellants, and not jointly by the parties under LSA-C.C. art. 663.
For the foregoing reasons, the judgment of the trial court herein is affirmed. All costs are taxed against defendants-appellants, Thomas J. Guidry, et al. The matter is remanded to the trial court for survey and judgment according to law.
AFFIRMED AND REMANDED.
NOTES
[1] LSA-C.C. art. 852:

"Art. 852. Whether the titles, exhibited by the parties, whose lands are to be limited, consist of primitive concessions or other acts by which property may be transferred, if it be proved that the person whose title is of the latest date, or those under whom he holds, have enjoyed, in good or bad faith, uninterrupted possession during thirty years, of any quantity of land beyond that mentioned in his title, he will be permitted to retain it, and his neighbor, though he have a more ancient title, will only have a right to the excess; for if one can not prescribe against his own title, he can prescribe beyond his title or for more than it calls for, provided it be by thirty years possession."