LaHAYE, Judge Pro Tem.
The matter before us concerns the location of a certain “Field Road” decreed by this court in Alton Tassin et al v. C. A. Rhynes et al., 366 So.2d 580 (La.App. 3rd Cir. 1978), writ denied 368 So.2d 123 (La.), to be the line of division between the property of Alton Tassin and Malcolm O. Sayes, two of the litigants in those proceedings and the parties in the present appeal. In pertinent part, the judgment of the court in that case reads, at page 587, as follows:
“It is further ordered, adjudged and decreed that Alton J. Tassin be recognized as the owner of a tract of land containing approximately seven acres lo *21 cated in Section 29, T3N, R4E, Avoyelles Parish, Louisiana, and being more particularly shown on that certain plat of survey by Louis J. Daigre Associates, Inc., dated May 18,1977, a copy of which is on record in these proceedings, said seven acres, more or less, being shown on said plat as all of that portion of the 15.1 acres allocated to Alton Tassin lying north of the ‘Field Road,’ as shown on said plat.”
“It is further ordered, adjudged and decreed that Malcolm 0. Sayes be recognized as having the right to possession of all of the 76.4 acres in dispute in this suit, except the 1.4 acres herein awarded to Foster Johnson, and the seven acres, more or less, herein awarded to Alton Tassin, the land of which Sayes is recognized to be the lawful possessor being more fully described as follows: A tract of land containing 68 acres more or less, located in Section 29, T3N, R4E, Avo-yelles Parish, Louisiana, and being more fully shown on that certain plat of survey by Louis Ji Daigre Associates, Inc., of date May 18,1977, a copy of which plat is of record in these proceedings, the said 68 acres, more or less, being all of the 76.4 acres shown on said plat as being in dispute in this suit, except the 1.4 acres designated as being owned by Foster Johnson, and the seven acres, more or less, lying north of the ‘Field Road’ which runs generally in an east and west direction across the 15.1-acre tract designated on said plat as being owned by Alton Tassin.”
The record of the case now before us reveals that pending appeal from a judgment of the Twelfth Judicial District Court in Rhynes, supra, Tassin, pursuant to an agreement between the parties that each would take possession of the land allotted him and that any party whose ownership was modified on appeal would pay to the ultimate owner one-fourth of the crops produced as rentals, took over the 15.1-acre tract which the district court had decreed to be his. It was Tassin’s testimony that in cultivating the property under the foregoing arrangement, he plowed up the “Field Road” which this court on appeal later determined to be the boundary between his property and the property of Sayes, and he established a new turn row.
After the appeals in Rhynes became final, Sayes, a civil engineer and surveyor, surveyed the property and established what he found to be the location of the “Field Road,” according to this court’s opinion in that case. He prepared a plat of survey, dated May 21, 1979, to which he attached the appellate judgment in that proceeding and recorded those documents in the Conveyance Records of Avoyelles Parish. Wayne Normand, to whom he had leased the land, then cultivated all of that part of the 15.1-acre tract which Sayes claims to be his and which includes two triangular tracts containing in the aggregate approximately three acres of land lying between the line Sayes established as the location of the “Field Road” and its location on the 1977 Louis J. Daigre Associates, Inc., plat.
Malcolm 0. Sayes and Lorey J. Normand filed the suit which is the subject of the present appeal in the Twelfth Judicial District Court for the Parish of Avoyelles, against Alton Tassin for damages they allege to have sustained, as owner and lessee respectively, in loss of use, loss of income and inconvenience during 1977 and 1978 through Tassin’s occupancy of a part of the land which Sayes alleges to have acquired by decree of this court in Rhynes. Tassin denied the allegation of the plaintiffs for damages and maintained his ownership to the contested acreage by virtue of the same decree and reconvened against Sayes for loss of use and for trespass by the latter’s subsequent possession of that acreage, and against Normand for damages to the land and growing crops and for trespass. By amendment he sought injunctive relief ordering the return of the area in controversy. The damage claims alleged by the parties were dismissed by the district judge on exception of prescription, except as they pertained to rentals alleged to be due.
On trial in the district court, Tassin, who had filed a plea of res judicata which was referred to the merits by the district judge, *22 objected to any evidence which would have tended to vary the location of the “Field Road” as shown on the Louis J. Daigre Associates, Inc., 1977 plat in evidence and to which this court in Rhynes had referred. It appears to us that because that plat did not give bearings and distances concerning the “Field Road,” the district judge appointed Louis J. Daigre Associates, Inc. (now Daigre Engineers, Inc.), to stake its center line as shown on that survey. Mr. Gilchrist, a registered surveyor in the employ of the firm appointed by the court for the survey, staked out the road by scaling the plat referred to in the court’s order and made a return of his findings, together with a plat which showed the bearings and distances of the road as shown on the former Daigre survey.
Subject to the defendant’s previous objection that the plaintiffs could not vary the location of the “Field Road” as shown by the Daigre survey of May 18, 1977, which the district judge had sustained, the plaintiffs made an offer of proof during which Sayes introduced his own survey and his testimony relative thereto as well as other documentary evidence and testimony in support of his conclusion that the “Field Road” was improperly located on the 1977 Daigre survey and that instead it actually ran in a location different from where it had been staked by Gilchrist as the “Field Road” to which this court, in Rhynes, had adverted. Tassin, on the other hand, introduced contrary testimony.
On closing the note of evidence, the district court sustained the exception of res judicata which Tassin had filed and which had been referred to the merits, and adopted the line as shown on the survey of Daigre Engineers, Inc., dated December 30, 1981, prepared by Mr. Gilchrist, as determinate of the boundary line between Tassin and Sayes, and as established by this court in Rhynes. It granted judgment against Tassin in favor of Sayes for rent and/or land use in the sum of Four Hundred Dollars, with interest, and in favor of Tassin against Sayes on the former’s reconventional demand in the sum of Three Hundred Dollars, with interest, also for rent and loss of use, and as a partial setoff to the award in favor of Sayes. All other demands, including those of Normand, were dismissed, and Sayes perfected this appeal.
We affirm.
The pleadings filed in this suit by Tassin and Sayes indicate that each recognized the “Field Road” to have been judicially established by the previous suit as the boundary line between their properties. We understand counsel for Sayes to contend, however, that the plat of survey designating the location of the boundary line to which the judgment in Rhynes refers is in error, and also that the court in that case did not intend that its location on the plat was to be considered as showing its precise location on the ground, since it was not thereon designated in courses and distances in relation to other established points of survey, and also because no evidence was otherwise presented as to where it should be marked; therefore it is argued that the proffered evidence should have been considered by the district court to establish its true location.
We find these arguments to be without merit. The decision in Rhynes has become final. The arguments now offered by counsel were matters proper to that proceeding. They may not be urged now. The boundary, having been judicially fixed, is merged in the judgment, which, except for attacks upon it permissible within one year under LSA-C.C.P. art. 2004, can no longer be litigated. Sessum v. Hemperley, 233 La. 444, 96 So.2d 832 (1957); Branch v. Hinson, 183 So.2d 655 (La.App. 1st Cir. 1966); Opdenwyer v. Brown, 155 La. 617, 99 So. 482 (1924). It may, therefore, for the basis of a plea of res judicata under LSA-C.C. art. 2286.
The reported former suit indicated that Sayes, a defendant and plaintiff in recon-vention in that case, sought recognition of his right to possession of certain lands which included the area disputed in the case before us. His possession was recognized except for the 1.4 acres awarded to Foster Johnson, one of the litigants in the prior *23 suit, and the area lying north of the “Field Road” as shown on the May 18, 1977, Daigre plat which was awarded to Tassin. The cause or legal principle upon which he relied for relief was his possession, which is the same legal principle upon which his specific demand for relief is based in this case, viz., his possession formerly recognized. In Mitchell v. Bertolla, 340 So.2d 287 (La.1976), our Supreme Court said, at page 291:
“The cause is said to be the judicial or material fact which is the basis of the right claimed, or the defense pleaded. 2 Plainol, traite Elementaire De Droit Civil 34 (11 ed. 1939). Stated otherwise:
‘.... Cause is the principle upon which a specific demand is grounded while cause of action embraces the cause and the demand, and is related to the party making the demand.... ”’
As we previously noted, the decree in Rhynes established the “Field Road” as shown on the May 18, 1977, Daigre plat in evidence in that suit as the boundary line between the properties of Sayes and Tassin. Although Sayes questions the correctness of the location of the boundary shown on that plat, the object of both suits is the same.
Because the former judgment was a final judgment between the same parties before us, with the same object, and based on the same cause, the judgment of the district court sustaining the objection to vary the location of the boundary line shown on the 1977 plat of Louis J. Daigre Associates, Inc., and maintaining the exception of res judi-cata as to that issue, was correct.
Affirmed.
SWIFT, J., concurs in the result.