ELLIS, Judge:
This suit was originally brought by plaintiff Johnnie Ratcliff against Mrs. Addie Wells Gordon, and the heirs of James Monroe Gordon, her late husband, for trespass and damage arising therefrom. He further prayed that defendants be ordered to remove a fence from his property and be enjoined from trespassing further thereon. Defendants reconvened, alleging that they had been in possession of the disputed strip of ground from time immemorial, and asked that the boundary between the two properties be fixed along the edge of the property possessed by them and their ancestors in title. After trial on the merits, judgment was rendered in favor of plaintiff, and defendants have appealed.
Plaintiff holds title to 58 acres of land in the Northwest quarter of Section 21, Township 8 South, Range 5 East. Defendants hold title to 14 acres of land in the Northeast corner of Section 20, Township 8 South, Range 5 East. The common boundary between the properties described in the deeds is the section line between Sections 20 and 21. However, defendants claim that they and their ancestors in title have been in possession of a strip of land in Section 21 having a width of 99 feet running East from the section line by a depth of 1253.5 running South from the North line of the section.
Contrary to the finding of the district judge, we think that the record clearly reflects that from a time prior to 1900, the strip of land was possessed by farming, fencing, and residence continuously until the time this suit was filed. Many witnesses testified to that fact, and there is no evidence to the contrary.
Mrs. Gordon testified that cultivation of the property was discontinued in 1950 or 1951, and the property allowed to grow up. However, the fence, located approximately 99 feet East of and parallel to the section line, remained in place and was still identifiable as of the time of the trial.
Defendants claim the benefit of Article 852 of the Civil Code, which provides:
“Whether the titles, exhibited by the parties, whose lands are to be limited, consist of primitive concessions or other acts by which property may be transferred, if it be proved that the person whose title is of the latest date, or those *100 under whom he holds, have enjoyed, in good or bad faith, uninterrupted possession during thirty years, of any quantity of land beyond that mentioned in his title, he will be permitted to retain it, and his neighbor, though he have a more ancient title, will only have a right to the excess; for if one can not prescribe against his own title, he can prescribe beyond his title or for more than it calls for, provided it be by thirty years possession.”
The application of this article by the courts was settled in the case of Opdenwyer v. Brown, 155 La. 617, 99 So. 482 (1924), in which the court held that when “a tract of land had been possessed under visible bounds for 30 years, such visible bounds should prevail over the ideal bounds called for in the titles”. The intention of the parties, or their good or bad faith, is immaterial. It was further held that the claimant could tack the possession of his predecessors in title, even though the property claimed was outside the bounds of the title under which he holds. The court further said:
“It is our firm conviction that the public interest requires that boundaries established for more than 30 years should not be disturbed; and we think the law so provides.”
See also Sessum v. Hemperley, 233 La. 444, 96 So.2d 832 (1957). Stanford v. Robertson, 144 So.2d 747 (La.App. 3 Cir. 1962), and authorities cited therein.
As we pointed out above, the possession of the disputed strip to a visible boundary by defendants and their predecessors in title is established by a preponderance of the evidence for a period of over 65 years. Under the authorities above quoted, that boundary can no longer be disturbed.
Plaintiff claims that defendants have lost whatever rights they may have had in the disputed strip by acknowledging the superior title of plaintiff. Although we find the testimony on these points less than convincing, we do hot believe the contention to have merit in any event. The continued existence of the visible boundary, and possession to that boundary for a period of thirty years are the decisive factors. The possession need not be in good faith or as owner. As we said in De Bakey v. Prater, 147 So. 734 (La.App. 1 Cir. 1933):
“It is seen, therefore, that, in order for a visible boundary to become fixed by the prescription of thirty years, the proprietors need not believe it to represent the true boundary. They may have knowledge to the contrary. It is only necessary that their respective possessions, namely, their public use and dominion, be separated by the visible, physical marking, beyond which neither encroaches. The intention to use the boundary as the limit of their respective dominions for more than thirty years precludes both from asserting thereafter that they did not intend to adopt it as the true dividing line. -That is the purpose of the prescriptive article. Mental reservations, even publicly expressed, are much less substantial title foundation than is actual, notorious, physical possession for a long period of years; and the law chooses the firmer foundation.”
We further note that the alleged acknowledgments took place long after defendants’ prescriptive title to the disputed strip had accrued.
We note that the old fence which is relied on by defendants as a visible boundary traverses the 99 foot strip in an East-West direction 24 feet South of the North line of Section 21. Defendants’ prescriptive title can run no further North than the fence line.
The judgment appealed from is therefore reversed, and there will be judgment herein on the reconventional demand in favor of defendants and against plaintiff, fixing the boundary between their respective properties along the following line: Begin at the corner common to Sections 16, 17, *101 20 and 21, Township 8 South, Range 5 East, Livingston Parish, Louisiana; thence South along the Section line between Sections 20 and 21 a distance of 24 feet; thence East along old fence 99 feet; thence Southerly along old fence 1229.5 feet, all in accordance with plat of survey made by O. C. Hollister, Surveyor, dated March 23, 1970, filed in evidence herein. All costs of this suit, in this court and the court below, are to be paid by plaintiff.
Reversed and rendered.